F
50141.14

HUNTON & WILLIAMS

HUNTON & WILLIAMS LLP
RIVERFRONT PLAZA, EAST TOWER
951 EAST BYRD STREET
RICHMOND, VIRGINIA 23219-4074

TEL 804 • 788 • 8200
FAX 804 • 788 • 8218

MICHAEL J. LOCKERBY
DIRECT DIAL: 804-788-7212
DIRECT FAX: 804-343-4545
EMAIL: mlockerby@hunton.com

FILE NO: 50141.000014

March 23, 2006

Mr. Tom MacMullin
President
Kentek Corp.
1 Elm Street
Pittsfield, New Hampshire 03263-3304

Re: Bacou-Dalloz USA, Inc./GPT Glendale, Inc./William Arthur

Dear Mr. MacMullin:

On behalf of our client, Bacou-Dalloz USA, Inc. and its subsidiaries and affiliates, including GPT Glendale, Inc. (collectively, "Bacou-Dalloz"), I am writing with respect to the enclosed correspondence between Bacou-Dalloz and its employee, Mr. William L. Arthur. If Kentek proceeds with its current plans to hire Mr. Arthur, inevitably it will be the recipient of trade secrets that are the valuable intellectual property of Bacou-Dalloz. In addition, the planned employment of Mr. Arthur would represent tortious interference with Bacou-Dalloz' contracts and business expectancies. To the extent you were not previously aware of these contracts, including Mr. Arthur's Employment Agreement, you certainly are now.

I look forward to hearing from you or your company's counsel at your earliest convenience with adequate assurances that Kentek will respect Bacou-Dalloz' intellectual property and contractual rights. Otherwise, Bacou-Dalloz will have no recourse but to take appropriate legal action.

Thank you for your prompt attention to this matter.

Sincerely,

Michael J. Lockerby

Enclosures

cc: Winfield W. Major, Esq.
Vice President & General Counsel
Bacou-Dalloz USA, Inc.

HUNTON & WILLIAMS

HUNTON & WILLIAMS LLP
RIVERFRONT PLAZA, EAST TOWER
951 EAST BYRD STREET
RICHMOND, VIRGINIA 23219-4074

TEL 804 • 788 • 8200
FAX 804 • 788 • 8218

MICHAEL J. LOCKERBY
DIRECT DIAL: 804-788-7212
DIRECT FAX: 804-343-4545
EMAIL: mlockerby@hunton.com

FILE NO: 50141.000014

March 23, 2006

Mr. William L. Arthur
809 Monroe Street, NE
Albuquerque, New Mexico 87110

Re: Bacou-Dalloz USA, Inc./GPT Glendale, Inc.

Dear Mr. Arthur:

This firm represents Bacou-Dalloz USA, Inc. and its subsidiaries and affiliates, including GPT Glendale, Inc. (collectively, "Bacou-Dalloz").

I am writing to follow up on the enclosed exchange of correspondence that you and Bacou-Dalloz had on February 28, 2006, March 2, 2006, and March 9, 2006. Following the initial exchange of correspondence and e-mails, Bacou-Dalloz received some disturbing information. Specifically, Bacou-Dalloz has learned that the customer database which you are required to maintain on behalf of Bacou-Dalloz does not contain customer contact information that you should have been entering in it for quite some time. This information constitutes valuable trade secrets and other intellectual property of your employer, Bacou-Dalloz. Your failure to record this information in the ordinary course of business in the customer database and your apparent recordation of this information elsewhere constitutes misappropriation of trade secrets as well as breach of contract.

In addition, the intellectual property rights to the so-called "thick" software to which you have had access as an employee of Bacou-Dalloz belong to Bacou-Dalloz. Any use of this software for personal gain or on behalf of a competitor of Bacou-Dalloz would constitute, *inter alia*, misappropriation of trade secrets and copyright infringement.

On a related subject, Bacou-Dalloz has learned that you established a "personal" e-mail address on the LRS website, *i.e.*, Arthur@highfiber.com. This "personal" e-mail address is in fact the property of Bacou-Dalloz, as are all messages sent to and from it.

Last but not least, Bacou-Dalloz has requested but not received credit card information for the following customers:

1. Elements Spa
2. Hebe Med Spa

HUNTON& WILLIAMS



3. Currie Hair, Skin and Nails
4. Pure Liquid Skin

By way of this letter, I am putting you on notice that Bacou-Dalloz expects that you will (1) supply the missing customer contact information forthwith; (2) provide certification under oath that the customer contact information is accurate and complete and that you have maintained no copies; (3) supply copies of all e-mails sent to and from Arthur@highfiber.com; and (4) provide credit card information for the foregoing customers. Again, I would also remind you that Bacou-Dalloz will not tolerate and will seek appropriate legal recourse for (1) any other violations of your Employment Agreement (including the covenant not to compete); (2) any misappropriation of Bacou-Dalloz' confidential customer information, proprietary software, and other intellectual property; and (3) any other breach of your duties to Bacou-Dalloz.

Thank you for your prompt attention to this matter.

Sincerely,

Michael J. Lockerby

Enclosures
cc: Winfield W. Major, Esq.
Vice President & General Counsel
Bacou-Dalloz USA, Inc.

February 28, 2006

Mr. Mark McLear
Mr. Jeff Brown

Messrs. McLear & Brown,

Pursuant to Section 2 (Period of Employment), Section 3 (Termination), Section 9 (Non-Competition) of my EMPLOYMENT AGREEMENT entered into March 31st, 2000 between myself "Will L. Arthur" and "Company" and in recognition of the requirements set forth therein, I hereby provide written notification of my intention to terminate my employment effective March 1, 2006 and my intention to enter into an employment agreement with Kentek, Inc.

In accordance with the above EMPLOYMENT AGREEMENT, my final day of employment with the Company shall be June 1, 2006 unless Company exercises its option "..that Employee shall take a leave of absence for part or all of the remaining three-month period, continuing to receive all compensation as if actively working." Pursuant to Section 9 (Non-Competition), Company "..shall notify Employee in writing within five (5) business days...on which Company receives notice of the identity of his new employer. Such notice shall specify the period of up to one year following termination of the Agreement, during which time Employee shall be prohibited from engaging in activity that is competitive with that of Bacou USA, Inc." Should Company exercise the non-competition option, "..Company shall continue to pay Employee his Base Salary at the rate applicable at the time of termination for the non-competition period, provided, however, that Company shall not be obligated to make any such payments...to the extent that Employee violates his obligation of non-competition.."

If any of the recipients of this same notification should have any questions or comments, I will gladly address those questions or comments in my written response to their written inquiry.

Sincerely,

W.L. Arthur

William L. Arthur
Fmr. General Manager; Lase-R Shield, a Bacou-Dalloz Company
Fmr. Territory Sales Manager; Glendale, a Bacou-Dalloz Company

PAGE 9/11 * RCVD AT 3/6/2006 11:12:41 AM [Eastern Standard Time] * SVR:RIRIGHTFAX/0 * DNIS:84545 * CSID:1 401 232 2230 * DURATION (mm-ss):04-12

March 2, 2006

**VIA FEDERAL EXPRESS AND HAND DELIVERY**

Mr. William L. Arthur
809 Monroe Street, NE
Albuquerque, NM 87110

Dear Will:

Jeff Brown and I have received your letter of February 28, 2006 regarding your notice of intention to terminate employment with Bacou-Dalloz as of June 1, 2006.

Pursuant to Section 2 of the Employment Agreement between you and Company, you will continue to be paid through June 1, 2006, although Company may elect to place you on a leave of absence for part or all of the remaining three-month period.

In addition, we note that you have expressed your intention to enter into an employment agreement with Kentek, Inc. Pursuant to Section 9(a) of your Employment Agreement with Company, we will notify you no later than five (5) business days of your last day of employment whether we will exercise our non-competition option and continue to pay you your Base Salary for a period of up to one year following termination. In such case, if we elect such option, you would not be permitted to be employed by Kentek, which is a competitor of our company, or in any manner consult with Kentek or assist Kentek with its business during any non-competition period.

Above and beyond the sections of your Employment Agreement referenced above, please be reminded of the following sections of your Employment Agreement that remain in effect for the duration of your employment with Company and thereafter:

- Section 6. Non-Disclosure of Information. According to this section, during your period of employment and thereafter, you may not, directly or indirectly, disclose any Confidential Information of Company or its affiliates to any other party or appropriate the information for your own use. Confidential Information includes, among other things, trade secrets, systems, confidential reports, business records and customer lists.

- Section 7. Property. All letters, memos, documents and notes (including all copies thereof) and any information contained on any other media (including computer disks and hard drives) that relate to your duties under the employment agreement in any manner are the property of Company and shall be delivered to Company immediately upon request.

- Section 9(b). Non-Solicitation: Non-Hire. In this section, you are prohibited, during your period of employment and for three (3) years thereafter, from employing, soliciting for employment or arranging to have any other person or entity employ or solicit for employment any person who is or was employed by Company or its affiliates for other employment. You are also prohibited from inducing any employee or former employee to terminate his or her employment with such Company or affiliate.

Please be advised that we will be monitoring your use of the Company's Confidential Information and property and will take immediate action to enforce the integrity of our proprietary information. We will be providing you with instructions regarding delivery of such information to the Company. We are also concerned about the fact that Karen Brown has given her notice simultaneously with yours to go to work for Kentek, which action may constitute a violation of Section 9(b) of your Employment Agreement.

Between now and June 1, 2006, I will be providing you with instructions on where and whether you should report for work, and according to what terms and conditions, consistent with the terms of your Employment Agreement.

Sincerely,

Mark McLear
Sales and Marketing Manager

Cc: Jeffrey Brown



PAGE 11/11 * RCVD AT 3/6/2006 11:12:41 AM [Eastern Standard Time] * SVR:RIRIGHTFAX/9 * DNIS:84545 * CSID:1 401 232 2230 * DURATION (mm-ss):04-12 TOTAL P.11

Mark McLear/avex

03/09/2006 09:33 AM

To Will Arthur, Karen R Brown/LaseRShield@Bacou-Dalloz

cc Jeff Brown/Admin/Bacou-Dalloz@Bacou-Dalloz, Winn Major/BacouUSA@Bacou-Dalloz

Subject "Thick" software program

Will, this software program is the sole property of Bacou-Dalloz through their purchase of LRS back in 1997. This software can not be used by you or Karen when you leave LRS.
In the interim, should we need any information about its features you are obligated to explain and educate the designated person all of its features.

Mark McLear
Sales and Marketing Manager, Glendale
401-757-2298 (office)
401-225-7038 (cell)

Come see us at the upcoming AAD Show, booth 4417. Glendale will be launching our new line of high transmission filters in our XC spectacle featuring MMT technology, multiple adjustments and anti-fog lenses. A prescription insert also comes standard with every product!
Or visit our website to view our complete line of laser eyewear, patient care products, windows and specialty filters.
For customer service or technical questions dial 800-500-4739.