**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| GPT GLENDALE, INC.,<br>a Delaware corporation,<br>Plaintiff, | : | |
| vs. | : | Docket No. C.A. 06-0334 |
| KENTEK CORPORATION,<br>a New Hampshire corporation; | : | |
| WILLIAM L. ARTHUR,<br>an individual resident of New Mexico; | : | |
| BONNIE G. SIMMONS,<br>an individual resident of New Hampshire, and | : | |
| RICHARD L. PELLEGRINI,<br>an individual resident of Florida,<br>Defendants. | : | |

**MOTION OF DEFENDANT, WILLIAM L. ARTHUR, TO COMPEL ARBITRATION AND TO STAY PROCEEDINGS HEREIN PENDING ARBITRATION**

Now comes defendant, William L. Arthur ("Arthur"), and moves, pursuant to Rhode Island General Laws, 1956, as amended, §§ 10-3-2 and 10-3-3, that this Court enter its order to compel the submission of the dispute raised in the pending civil action to arbitration, pursuant to the employment agreement between the parties hereto entered into as of March 31, 2000, and specifically, Paragraph 13 thereof which provides:

> 13. Arbitration. Not withstanding the fact that the parties shall be entitled to equitable relief in order to enforce certain provisions hereunder (e.g., temporary restraining orders or injunctive relief) any dispute, controversy or claim arising out of or relating to this agreement or the breach hereof shall be settled by arbitration in accordance with the "Commercial Arbitration Rules" of the American Arbitration Association in effect on the date of this agreement except as varied below. The site of any such arbitration shall be Providence, Rhode

> Island, and any award shall be deemed to be a Providence, Rhode Island award. There shall be a single arbitrator who shall be admitted to practice law in Rhode Island with no less than ten (10) years experience in the handling of commercial or corporate matters or disputes. The arbitrator shall render a written decision stating his reasons therefore and shall render an award within six (6) months of the request for arbitration and such award shall be final and binding upon both parties. Judgment upon the award entered by the arbitrator may be entered in any court of competent jurisdiction in any state of the United States or application may be made to such court for a judicial acceptance of the award and an enforcement as the law of jurisdiction may require or allow. The substantive law to be applied in any case determined pursuant to this Section 13 is that of the State of Rhode Island. Each party shall pay the fees and expenses of its own legal counsel in such proceedings. The expense of arbitration shall be borne equally by the respective parties except to the extent that the arbitrator shall determine that the entire expense shall be borne by a single party.

Said employment agreement is attached to Plaintiff's Verified Complaint as Exhibit B.

WHEREFORE, defendant, Arthur, respectfully requests this Honorable Court to enter its order compelling arbitration of the disputes raised herein pursuant to Paragraph 13 of the employment agreement between the parties, Exhibit B to Plaintiff's Verified Complaint, and further order that all proceedings in Civil Action No. 06-0334 be stayed pending disposition of the arbitration herein.

Respectfully submitted,

WILLIAM L. ARTHUR

By his Attorneys,

/s/ Dennis J. Roberts II________________________
Dennis J. Roberts II ( RI Bar # 0560)
Law Offices of Dennis J. Roberts II
40 Westminster Street, Suite 305
Providence, RI 02903
401-274-9600
401-274-6500 (fax)
droberts@djrlaw.com

# CERTIFICATION

I hereby certify that on this 31st day of August, 2006, a copy of the forgoing **MOTION OF DEFENDANT, WILLIAM L. ARTHUR, TO COMPEL ARBITRATION AND TO STAY PROCEEDINGS HEREIN PENDING ARBITRATION** was electronically filed. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

| **Attorneys for GPT Glendale, Inc.** | **Attorneys for Ken teck, Simmons and Pellegrini** |
|---|---|
| Darlene K. Alt<br>Edwards, Angell Palmer & Dodge LLP<br>2800 Financial Plaza<br>Providence RI 02903<br>Fax: 1-401-276-66 1 1 | W. Wright Danenbarger<br>Wiggin & Nourie, PA<br>P 0 Box 808<br>Manchester NH 03105-0808<br>Fax: 1-603-623-8442 |
| Michael J. Lockerby<br>Peter G. Mack<br>Mark A. Salzberg<br>Foley & Lardner LLP<br>3000 K Street NW #500<br>Washington DC 20007<br>Fax: 1-202-672-5399 | James W. Ryan<br>Partridge Snow & Hahn<br>180 S. Main Street<br>Providence RI 02903<br>Fax: 1-401-861-8210 |

/s/ Dennis J. Roberts II
Dennis J. Roberts II

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| GPT GLENDALE, INC.,<br>a Delaware corporation,<br>Plaintiff, | : | |
| vs. | : | Docket No. C.A. 06-0334 |
| KENTEK CORPORATION,<br>a New Hampshire corporation; | : | |
| WILLIAM L. ARTHUR,<br>an individual resident of New Mexico; | : | |
| BONNIE G. SIMMONS,<br>an individual resident of New Hampshire, and | : | |
| RICHARD L. PELLEGRINI,<br>an individual resident of Florida,<br>Defendants. | : | |

**MEMORANDUM IN SUPPORT OF**
**MOTION OF DEFENDANT, WILLIAM L. ARTHUR, TO**
**COMPEL ARBITRATION AND TO STAY**
**PROCEEDINGS HEREIN PENDING ARBITRATION**

Plaintiff has commenced the present case against, inter alia, its employee, William L. Arthur ("Arthur"), alleging breach of contract, misappropriation of trade secrets, breach of fiduciary duty, and breach of a duty of loyalty, and seeking monetary and other damages therefor. Defendant, Arthur, has filed his answer to the Complaint in which he pleads as an affirmative defense: "D. Plaintiff's Complaint is barred at law and in equity by the Employment Agreement between Plaintiff and Defendant, Arthur, Section 13, which requires arbitration of all disputes arising out of his Employment Agreement."

Defendant, Arthur, has filed a motion, pursuant to Rhode Island General Laws, 1956, as amended, §§ 10-3-2 and 10-3-3, seeking this Court's order to compel Plaintiff to submit the dispute between itself and Arthur to arbitration pursuant to Section 13 of the Employment Agreement, Exhibit B to the Plaintiff's Verified Complaint herein and, further, staying proceedings in this Court pending the resolution of the arbitration. This memorandum is submitted in support of the motion of Defendant, Arthur.

The present motion is filed to enforce Section 13 of the Employment Agreement between Plaintiff and Defendant, Arthur, effective as of March 31, 2000. Paragraph 13 of the Employment Agreement provides as follows:

> 13. Arbitration. Not withstanding the fact that the parties shall be entitled to equitable relief in order to enforce certain provisions hereunder (e.g., temporary restraining orders or injunctive relief) any dispute, controversy or claim arising out of or relating to this agreement or the breach hereof shall be settled by arbitration in accordance with the "Commercial Arbitration Rules" of the American Arbitration Association in effect on the date of this agreement except as varied below. The site of any such arbitration shall be Providence, Rhode Island, and any award shall be deemed to be a Providence, Rhode Island award. There shall be a single arbitrator who shall be admitted to practice law in Rhode Island with no less than ten (10) years experience in the handling of commercial or corporate matters or disputes. The arbitrator shall render a written decision stating his reasons therefore and shall render an award within six (6) months of the request for arbitration and such award shall be final and binding upon both parties. Judgment upon the award entered by the arbitrator may be entered in any court of competent jurisdiction in any state of the United States or application may be made to such court for a judicial acceptance of the award and an enforcement as the law of jurisdiction may require or allow. The substantive law to be applied in any case determined pursuant to this Section 13 is that of the State of Rhode Island. Each party shall pay the fees and expenses of its own legal counsel in such proceedings. The expense of arbitration shall be borne equally by the respective parties except to the extent that the arbitrator shall determine that the entire expense shall be borne by a single party.

The present motion is filed pursuant to Rhode Island General Laws, 1956, as amended, §§ 10-3-2 and 10-3-3. Insofar as relevant, § 10-3-2 provides:

> When clearly written and expressed, a provision in a written contract to settle by arbitration a controversy thereafter arising out of such contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two (2) or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract; provided, however, that the provisions of this chapter shall not apply to collective contracts between employers and employees, or between employers and associations of employees, in respect terms or conditions of employment….

Section 10-3-3, relating to the stay of actions on issues referable to arbitration, states as follows:

> If any suit or proceeding be brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the suit is pending, upon being satisfied that the issue involved in the suit or proceeding is referable to arbitration under such an agreement, shall, on application of one of the parties, stay the trial of the action until the arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with the arbitration.

The federal statute, 9 U.S.C. §3 is consistent with Rhode Island General Laws as sited above.

9 U.S.C. § 3 mirrors § 10-3-3 of the Rhode Island General Laws.

As to two requirements of §§ 10-3-2 and 10-3-3, Defendant, Arthur, notes that he is not in default, having filed his Answer with an affirmative defense alleging the arbitration clause, and the agreement contains a "clearly written and expressed" provision to settle by arbitration any controversy arising thereunder.

The Court will note that the substantive law to be applied under Paragraph 13 of the Employment Agreement is the law of the State of Rhode Island. In numerous decisions by the Rhode Island Supreme Court and this Court, arbitration has been favored under the circumstances similar to those presented by the present case. See e.g., A.T. Cross Co. v. Royal Selangor(s) PTE, LTD, 217 F.Supp.2d 229 (D.R.I. 2002) Newman v. Valleywood Associates, Inc., 874 A.2d 1286 (RI 2005); Bjartmarz v. Pinnacle Real Estate Tax Service, 771 A.2d 124 (RI 2001).

The Rhode Island Supreme Court stated in Newman v. Valleywood Associates, Inc., supra, 874 A.2d 1286, 1289:

> Chapter 3 of title 10, entitled "The Arbitration Act." states arbitration agreements generally are "valid, irrevocable, and enforceable." Section 10-3-2. In giving force to that legislative mandate, we have declared, "[a] rbitration is a desirable method of dispute resolution that has long been favored by the courts." Soprano v. American Hardware Mutual Insurance Co., 491 A.2d 1008, 1011 (R.I.1985). The statutes provides for a stay of litigation while the parties arbitrate their claims. Section 10-3-3….

In Bjartmarz v. Pinnacle Real Estate Tax Service, supra, 771 A.2d 124, 127, the Supreme Court indicated that, if the employment agreement is enforceable, "then the proceedings in the Superior Court must be stayed." In that case the Court was dealing with alleged fraud in the procurement of the employment agreement which was sought to be arbitrated. The lesson of the case, however, if there is an enforceable arbitration clause, the stay of proceedings is mandatory.

In A.T. Cross Co. v. Royal Selangor(s) PTE, LTD, supra, Judge Lagueux had occasion to deal with the application of Rhode Island substantive law to an employment agreement and commented in his Opinion on applicable Rhode Island State law. It should be noted that Judge Lagueux did not enforce the alleged employment agreement for the reason that he found that no such agreement existed. There had been no meeting of the minds of the parties. In commenting on the scope of Rhode Island law, he stated, 217 F.Supp.2d 229, 235:

> For an agreement to be enforceable under contract law, the parties must evince their objective intent to be bound. UXB Sand & Gravel Inc. v. Rosenfeld Concrete Corp., 641 A.2d 75, 79 (RI 1994). Such a showing may be made by one party making an offer, and the other party's acceptance of it. Smith v. Boyd, 553 A.2d 131, 133 (RI 1989); see also Dempsey v. George S. May Intern' Co., 933 F.Supp. 72, 75 (D.Mass 1996) ("contracts which contain mutual absolute promises to arbitrate have consistently been found to provide adequate consideration to be enforceable") specifically addressing the validity of arbitration agreements, the Rhode Island Supreme Court held that "[m]utual assent objectively manifested by the writings of the parties is a condition

> precedent to the formation of a binding agreement to arbitrate." Stanley-Bostich Inc. v. Regenerative Envtl. Equip. Co., Inc., 697 A.2d 323, 326 (RI 1997). The Rhode Island General Laws provide that an arbitration clause must be "clearly written and expressed" R.I. Gen. Laws, § 10-3-2. The Rhode Island Supreme Court has held that "{w}hether a party has agreed to be bound by arbitration is a question of law." Stanley-Bostich Inc., 697 A.2d at 325.

In the present posture of this case, it is clear that all of the elements for an enforceable arbitration agreement, controlled by the substantive law of Rhode Island, are in place. There is a clear expression of an intent to arbitrate, with mutuality of obligation. There is a clear procedure established by which both parties intend to proceed in the event of disputes under the Employment Agreement, Exhibit B to Plaintiff's Verified Complaint. That type of dispute is precisely what is involved in the present civil action. Therefore, Defendant, Arthur, respectfully submits that he is entitled to arbitrate the case and to obtain a stay of further proceedings in this civil action as it relates to him pending an outcome of the arbitration.

WHEREFORE, Defendant, Arthur, respectfully requests this Court to enter its Order compelling arbitration of the disputes raised herein pursuant to Paragraph 13 of the employment agreement between the parties, Exhibit B to Plaintiff's Verified Complaint, and further order that all proceedings in Civil Action No. 06-0334, as they relate to Defendant, Arthur, be stayed pending disposition of the arbitration herein.

Respectfully submitted,

WILLIAM L. ARTHUR

By his Attorneys,

/s/ Dennis J. Roberts II
Dennis J. Roberts II ( RI Bar # 0560)
Law Offices of Dennis J. Roberts II
40 Westminster Street, Suite 305
Providence, RI 02903
401-274-9600
401-274-6500 (fax)
droberts@djrlaw.com

**CERTIFICATION**

I hereby certify that on this 31st day of August, 2006, a copy of the forgoing **MOTION OF DEFENDANT, WILLIAM L. ARTHUR, TO COMPEL ARBITRATION AND TO STAY PROCEEDINGS HEREIN PENDING ARBITRATION** was electronically filed. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

| **Attorneys for GPT Glendale, Inc.** | **Attorneys for Ken teck,**<br>**Simmons and Pellegrini** |
|---|---|
| Darlene K. Alt<br>Edwards, Angell Palmer & Dodge LLP<br>2800 Financial Plaza<br>Providence RI 02903<br>Fax: 1-401-276-6611 | W. Wright Danenbarger<br>Wiggin & Nourie, PA<br>P 0 Box 808<br>Manchester NH 03105-0808<br>Fax: 1-603-623-8442 |
| Michael J. Lockerby<br>Peter G. Mack<br>Mark A. Salzberg<br>Foley & Lardner LLP<br>3000 K Street NW #500<br>Washington DC 20007<br>Fax: 1-202-672-5399 | James W. Ryan<br>Partridge Snow & Hahn<br>180 S. Main Street<br>Providence RI 02903<br>Fax: 1-401-861-8210 |

/s/ Dennis J. Roberts II_______________________
Dennis J. Roberts II