UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GPT GLENDALE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>KENTEK CORPORATION, a New Hampshire corporation;<br><br>WILLIAM L. ARTHUR, an individual resident of New Mexico;<br><br>BONNIE G. SIMMONS, an individual resident of New Hampshire; and<br><br>RICHARD L. PELLEGRINI, an individual resident of Florida,<br><br>Defendants. | ) | C.A. No. 06-334-ML |

**GPT GLENDALE, INC.'S RESPONSE TO MOTION TO COMPEL ARBITRATION AND TO STAY PROCEEDINGS HEREIN PENDING ARBITRATION**

Plaintiff, GPT Glendale, Inc. ("GPT Glendale"), by its undersigned attorneys, respectfully states as follows in response to the Motion to Compel Arbitration and to Stay Proceedings Herein Pending Arbitration (the "Arbitration Motion") filed by Defendant, William L. Arthur ("Arthur").

**FACTUAL BACKGROUND**

GPT Glendale asserts four counts against Arthur in its Verified Complaint, specifically: (a) breach of contract (Count IV); (b) misappropriation of trade secrets (Count VI); (c) breach of fiduciary duty (Count VII); and (d) breach of duty of loyalty (Count VIII). In all four counts, GPT Glendale seeks monetary damages from Arthur. GPT Glendale also seeks temporary and

permanent injunctive relief against Arthur in its misappropriation of trade secrets and breach of duty of loyalty counts.

## LEGAL ARGUMENT

GPT Glendale acknowledges that Arthur's Employment Agreement contains an arbitration clause. See Verified Complaint, Ex. B, § 8. GPT Glendale further acknowledges that the arbitration clause contained in the Employment Agreement is sufficiently broad for this Court to hold that it encompasses the claims now pending against Arthur. Nonetheless, this Court has jurisdiction to issue preliminary injunctive relief in order to maintain the status quo during the pendency of the arbitration. E.g., Puerto Rico Hosp. Supply, Inc. v. Boston Scientific Corp., 426 F.3d 503, 505 (1st Cir. 2005) ("A district court has jurisdiction to issue preliminary injunctions to preserve the status quo pending arbitration."); Teradyne, Inc. v. Mostek Corp., 797 F.2d 43, 51 (1st Cir. 1986) ("We hold, therefore, that a district court can grant injunctive relief in an arbitrable dispute pending arbitration, providing the prerequisites for injunctive relief are satisfied.").[1]

The arbitration clause does not divest the Court of jurisdiction to grant preliminary injunctive relief. See Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Cunningham, 736 F. Supp. 887, 889 (N.D. Ill. 1990) ("[A]n order staying the proceedings pending arbitration does not divest the district court of subject matter jurisdiction to enter interim injunctive relief, and … such relief may, in appropriate cases, fulfill the objectives of the [Federal Arbitration Act]."). Instead, the Court's retention of jurisdiction to grant preliminary injunctive relief is often times

---

[1] Similarly, section 8-2-13.1 of the Rhode Island General Laws provides that notwithstanding the existence of an arbitration clause in a contract, the superior courts "shall have equity jurisdiction to issue temporary restraining orders and injunctions to maintain the status quo as it existed prior to the action which is the subject matter of the dispute pending [arbitration]."

necessary in order to prevent the dispute from being rendered moot during the pendency of the arbitration. See Performance Unlimited, Inc. v. Questar Publishers, Inc., 52 F.3d 1373, 1381 (6th Cir. 1995) (reversing District Court and holding that preliminary injunction pending arbitration is necessary where plaintiff would suffer economic collapse without injunction). As held by the First Circuit:

> We believe that the congressional desire to enforce arbitration agreements would frequently be frustrated if the courts were precluded from issuing preliminary injunctive relief to preserve the status quo pending arbitration and, *ipso facto*, the meaningfulness of the arbitration process.

Teradyne, 797 F.2d at 51.

Arthur's actions are causing GPT Glendale irreparable damage. See Verified Complaint ¶¶ 125 & 139. GPT Glendale will be filing in the next month a motion seeking preliminary injunctive relief against Arthur, as well as against his co-Defendants. GPT Glendale will request, *inter alia*, that Arthur be enjoined from violating the Rhode Island Uniform Trade Secrets Act and from breaching his duty of loyalty by disclosing confidential and proprietary GPT Glendale information to Defendant Kentek Corporation. Any stay of GPT Glendale's claims against Arthur pending arbitration should allow GPT Glendale to seek such preliminary injunctive relief.

## CONCLUSION

GPT Glendale respectfully requests that should this Court enter an Order granting the Motion that the Order be without prejudice to GPT Glendale's right to seek injunctive relief from this Court against Arthur in order to preserve the status quo pending arbitration.

GPT GLENDALE, INC.

By its Attorneys,

/s/ Raymond M. Ripple

Darlene K. Alt (#6345)
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, Rhode Island 02903
(401) 274-9200
(401) 276-6611 (fax)
dalt@eapdlaw.com
rripple@eapdlaw.com

Michael J. Lockerby*
Peter G. Mack*
Mark A. Salzberg*
FOLEY & LARDNER LLP
3000 K Street NW, Suite 500
Washington, DC 20007
(202) 672-5300
(202) 672-5399 (fax)

*Of Counsel for GPT Glendale, Inc.*
**Pro Hoc Vice pending*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that this document has been filed electronically on this 18th day of September, 2006, and is available for viewing and downloading to the ECF registered counsel of record:

James W. Ryan, Esq.
Partridge, Snow & Hahn LLP
180 South Main Street
Providence, RI 02903
jwr@psh.com

Dennis J. Roberts, II
40 Westminster Street
Suite 305
Providence, RI 02903
droberts@djrlaw.com

Mel B. O'Reilly
7125 Prospect Place NE
Albuquerque, NM 87110

/s/ Raymond M. Ripple

Raymond M. Ripple