**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| GPT GLENDALE, INC.,<br>a Delaware corporation,<br>Plaintiff, | : | |
| vs. | : | Docket No. C.A. 06-0334 |
| KENTEK CORPORATION,<br>a New Hampshire corporation; | : | |
| WILLIAM L. ARTHUR,<br>an individual resident of New Mexico; | : | |
| BONNIE G. SIMMONS,<br>an individual resident of New Hampshire, and | : | |
| RICHARD L. PELLEGRINI,<br>an individual resident of Florida,<br>Defendants. | : | |

**RESPONSE OF DEFENDANT, WILLIAM L. ARTHUR TO GPT GLENDALE, INC.'S RESPONSE TO MOTION TO COMPEL ARBITRATION AND TO STAY PROCEEDINGS HEREIN PENDING ARBITRATION**

Now comes defendant, William L. Arthur ("Arthur") and files this response to the response of plaintiff, GPT Glendale, Inc.'s ("Glendale") Response to Motion to Compel Arbitration and to Stay Proceedings Herein Pending Arbitration.

Initially, it should be noted that Glendale "acknowledges that Arthur's Employment Agreement contained an arbitration clause. … GPT Glendale further acknowledges that the

arbitration clause contained in the Employment Agreement is sufficiently broad for this Court to hold that it encompasses the claims now pending against Arthur." (Glendale Response p.2) Glendale then proceeds to argue that this Court has jurisdiction to issue preliminary injunctive relief in order to maintain the status quo during the pendency of the arbitration. In support of its argument, it sites a number of generally conclusory arguments concerning circumstances in which injunctive relief might be appropriate despite the availability of an enforceable arbitration clause.

Very significantly, Glendale is not applying for a temporary restraining order or a preliminary injunction in connection with the pending motion or its response thereto. It indicates, in general terms, that it may file an application for such relief in the future. At the present time, there is not the slightest attempt by Glendale to show the basic requirements for injunctive relief, namely the presence of irreparable injury to it in the absence of such relief or the inadequacy of a remedy at law. As previously noted, Glendale's argument is framed in terms of general conclusory statements.

In its response, Glendale, apparently concedes that Arthur's motion should be granted "without prejudice." (Glendale Response p.3).

There is no need for any qualification in the order to be entered by this Court responsive to Arthur's Motion. There exists a perfectly valid and enforceable employment contract for arbitration among these parties under both Rhode Island and Federal law. See Rhode Island General Laws, 1956, as amended, §§ 10-3-2 and 10-3-3 and 9 U.S.C. §3.

WHEREFORE, defendant, Arthur, respectfully requests this Court to enter its order to compel arbitration herein and to stay proceedings pending said arbitration proceedings.

Respectfully submitted,

WILLIAM L. ARTHUR

By his Attorneys,

/s/ Dennis J. Roberts II
Dennis J. Roberts II ( RI Bar # 0560)
Law Offices of Dennis J. Roberts II
40 Westminster Street, Suite 305
Providence, RI 02903
401-274-9600
401-274-6500 (fax)
droberts@djrlaw.com

Mel B. O'Reilly, Esquire
Law Offices of Mel B. O'Reilly, LLC
7125 Prospect Place NE
Albuquerque, NM 87110
(505) 881-7676
FAX (505) 884-6362

**CERTIFICATION**

I hereby certify that on this 3rd day of October, 2006, this document was electronically mailed to the following:

| | |
|---|---|
| Darlene K. Alt | dalt@eapdlaw.com |
| W.Wright Danenbarger | wdanenbarger@wiggin-nourie.com |
| Thomas J. Pappas | tpappas@wiggin-nourie.com |
| Raymond M. Ripple | rripple@eapdlaw.com |
| James W. Ryan | jwr@psh.com, emw@psh.com |

**Notice will be delivered by other means to the following:**

Michael J. Lockerby
Foley & Lardner. LLP
Washington Harbour
3000 K Street, NW, Suite 500
Washington, DC 20007

Peter G. Mack
Foley & Lardner. LLP
Washington Harbour
3000 K Street, NW, Suite 500
Washington, DC 20007

Mark A, Salzberg
Foley & Lardner. LLP
Washington Harbour
3000 K Street, NW, Suite 500
Washington, DC 20007

/s/ Dennis J. Roberts II

Dennis J. Roberts II