# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GPT GLENDALE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>KENTEK CORPORATION, a New Hampshire corporation;<br><br>WILLIAM L. ARTHUR, an individual resident of New Mexico;<br><br>BONNIE G. SIMMONS, an individual resident of New Hampshire;<br><br>RICHARD L. PELLEGRINI, an individual resident of Florida,<br><br>Defendants. | ) | Case No. CA 06-334 |

**PROPOSED ORDER**

WHEREAS, on October 4, 2006, GPT Glendale, Inc. ("GPT Glendale") filed a Motion for a Preliminary Injunction seeking to enjoin Defendants from further acts of unfair competition, misappropriation of trade secrets, tortious interference with actual and prospective business relationships, breaches of duties owed to GPT Glendale, and for such other equitable injunctive relief as this Court deems just and proper; and

WHEREAS, this Court, after consideration of the issues before it, having found that GPT Glendale is facing severe and irreparable injury resulting from Defendants' actions; and

WHEREAS, this Court also having found that GPT Glendale is likely to succeed on the merits of its claims; and

WHEREAS, this Court also having found that: (a) information necessary to manufacture GPT Glendale products — including the dye formulas, the product history for each of the dyes, bills of materials, sources of supply, and methods and techniques of production; (b) GPT Glendale's customer, supplier and vendor lists; and (c) the methods of distribution used by GPT Glendale's Lase-R-Shield business unit, are all protectable trade secrets under Rhode Island's Uniform Trade Secrets Act, R.I. Gen. Laws. § 6-41-1 *et seq.*; and

WHEREAS, this Court also having found that Defendants each owed to GPT Glendale a duty of loyalty; that Defendant William L. Arthur ("Arthur") also owed to GPT Glendale the fiduciary and contractual duties not to engage in any activity that would harm GPT Glendale; and that Kentek also owed to GPT Glendale the contractual duty not to use the information provided to it under the Lase-R-Shield Confidentiality Agreement in a manner that would harm GPT Glendale's business interests; and

WHEREAS, this Court also having found that Defendants will not be harmed by a preliminary injunction; and

WHEREAS, this Court also having found that a preliminary injunction will serve the public interest by preserving the *status quo* existing prior to the challenged actions by Defendants;

THE COURT HEREBY ORDERS that the Defendant **Kentek Corporation** ("Kentek"), and its officers, agents and employees, and all persons acting in concert with Kentek, be immediately and temporarily:

(1) enjoined from using any photographs of GPT Glendale products in connection with the marketing, promotion, or advertising of any of Kentek's products, including, but not limited to, the use of such photographs on Kentek's website or in its marketing, promotional, advertising, and trade show materials;

(2) enjoined from using any product numbers in connection with the manufacture, sale, promotion, or advertising of any of Kentek's products that are confusingly similar to those employed by GPT Glendale;

(3) enjoined from using any marks that are confusingly similar to GPT Glendale's or Uvex's federally registered trademarks in connection with the manufacture, sale, promotion, or advertising of any of Kentek's products, including, but not limited to Laser-Aid®, Light-Speed®, and Uvex®;

(4) required to provide clear and timely notice on its website and in its trade show, promotional, marketing, and advertising materials, and all other customer correspondence or communications, that Kentek is no longer an authorized distributor of GPT Glendale products; and

(5) enjoined from any additional activity that would result in the tortious interference with GPT Glendale's existing customers and prospective business relationships or otherwise unfairly compete with GPT Glendale.

THE COURT HEREBY ALSO ORDERS that the Defendants **Kentek, Arthur, Bonnie G. Simmons,** and **Richard L. Pellegrini**, their agents, employees and all persons acting in concert with them, be immediately and temporarily:

(A) enjoined from any additional activity that would result in the misappropriation of GPT Glendale's trade secrets; and

(B) enjoined from any additional activity that would result in further breach their contractual and/or common law duties to GPT Glendale.

SO ORDERED This: ____ day of ______________, 2006.

______________________________
Hon. Mary M. Lisi