# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GPT GLENDALE, INC., a Delaware corporation,<br>Plaintiff,<br><br>v.<br><br>KENTEK CORPORATION, a New Hampshire corporation;<br>WILLIAM L. ARTHUR, an individual resident of New Mexico;<br>BONNIE G. SIMMONS, an individual resident of New Hampshire; and<br>RICHARD L. PELLEGRINI, an individual resident of Florida,<br>Defendants. | C.A. No. 06-334 L |

## REPLY OF DEFENDANTS KENTEK CORPORATION, ET AL TO GPT GLENDALE'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendants Kentek Corporation ("Kentek"), Bonnie G. Simmons ("Simmons") and Richard L. Pellegrini ("Pellegrini"), by counsel, respectfully reply to GPT Glendale's Opposition to the Motion to Dismiss for lack of personal jurisdiction filed by these defendants. Defendants incorporate by reference the accompanying Supplemental Affidavit of Simmons.

GPT Glendale's Opposition makes repeated references to a prior distributorship agreement terminated in April 2006 as a basis for specific and/or general jurisdiction of its suit brought in July 2006.[1] GPT Glendale admits that its breach of contract claim "is not based

---

[1] Plaintiff cannot assert general jurisdiction based on activities which had terminated by the time process was served in July, 2006. *Perkins v. Benguet Consol Mining Co.*, 342 U.S. 437, 444-45, 448 (1952) (holding assertion of jurisdiction was not unfair when corporation was engaging in continuous and systematic business activities in Ohio at the time its president was served with process); *Bank of Am. v. Whitney Cent. Nat'l. Bank*, 261 U.S. 171, 172-23 (1923) (recognizing sole question for decision was whether, at the time of service of process, defendant was doing business in the state in such a manner as to warrant the inference it was present there); *Rosenberg Bros. & Co. v. Curtis Brown Co.*, 260 U.S. 516, 517-18 (1923)(same); *Tauza v. Susquehanna Coal Co.*, 115 N.E. 915, 916, 918 (N.Y. 1917) (Cardozo, J.)(stating that an essential requirement for jurisdiction is that the corporation is served while it is present within the state).

upon" that distribution agreement (Opposition, p. 11), and there are no allegations that this prior relationship is the basis for any of the tort claims.

GPT Glendale also refers to prior employment of Pellegrini and Simmons by GPT Glendale in Rhode Island, but makes no claim that there was a breach by said defendants of any employment agreement or employment duties while employed in Rhode Island.

GPT Glendale's Opposition repeatedly argues that because defendants' alleged out-of-state tortious conduct was directed at GPT Glendale located in Rhode Island, there should be jurisdiction. However, GPT Glendale provides nothing except the highly conclusory allegations of a 168-page Verified Complaint that defendants even engaged in tortious conduct and/or directed their conduct against GPT Glendale such that it suffered injury in Rhode Island. (*See*, for example, Section C, p. 5 of the Opposition where all the cites for such claims are to conclusory paragraphs of the Complaint.) In the face of defendants' sworn denials of any improper disclosures (MacMullin Affidavit, ¶¶ 9, 12-13, and 15-16; Pellegrini Affidavit, ¶6 and Simmons Affidavit, ¶3), the Affidavit of Mr. McLear offers virtually no evidentiary support for such claims nor any documentation to prove improper disclosure.[2] Similarly, GPT Glendale does not establish by proper proof that Kentek breached the Lase-R-Shield Confidentiality Agreement by disclosure or improper use of confidential and proprietary business information.

On a motion to dismiss for lack of personal jurisdiction, "the plaintiff ultimately bears the burden of persuading the court that jurisdiction exists." *Massachusetts School of Law at Andover v. American Bar Ass'n.*, 142 F.3d 26, 34 (1st Cir. 1998) (citing *McNutt v. General*

---

[2] The McLear Affidavit in support of the Opposition attaches no documents and offers no adequate proof of improper use or disclosure of GPT Glendale's trade secrets. The Complaint attaches documents, but none of them prove improper disclosure. Mr. McLear has also submitted another Affidavit in connection with GPT Glendale's Motion for Preliminary Injunction and Expedite Discovery. Again, this Affidavit provies no documentation or other adequate proof that these defendants have misused or disclosed GPT Glendale's trade secrets. Mr. McLear does offer double hearsay as to what Kentek supposedly said to GPT Glendale customers about the availability of GPT Glendale products. But not only is such "proof" inadequate, but also there is no evidence offered that the statements were false.

*Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). The preferred standard for cases where the parties do not dispute essential jurisdictional facts is for the plaintiff to make a prima facie showing of jurisdiction. *See Nowak v. Tak How Invs., Ltd.*, 94 F.3d 708, 712 (1st Cir. 1996); *Faigin v. Kelly*, 919 F.Supp. 526, 529 (D. N.H. 1996). Under the prima facie standard, the court takes "specific facts affirmatively alleged by the plaintiff as true (whether or not disputed) and construe[s] them in the light most congenial to the plaintiff's jurisdictional claim." *Massachusetts School of Law*, 142 F.3d 34 (citing *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 203 (1st Cir. 1994).

However, the plaintiff may not rely on unsupported allegations to meet the prima facie standard; the court takes as true only those "specific facts" for which the court finds evidentiary support in the record. *See Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 145 (1st Cir. 1995) ("[T]he plaintiff ordinarily cannot rest upon the pleadings, but is obliged to adduce evidence of specific facts . . . ." *United Elec. Radio and Mach. Workers of Am. v. 163 Pleasant Street Corp.*, 987 F.2d 39, 44 (1st Cir. 1993); *Boit v. Gar-Tec Prods., Inc.*, 967 F.2d 671, 675 (1st Cir. 1992). GPT Glendale simply has not adduced evidence of specific facts.

As a basis for alleged jurisdiction, GPT Glendale cites Kentek's admitted sales in Rhode Island, but completely ignores the fact that most of these sales occurred while defendant Kentek was GPT Glendale's distributor and there is no adequate proof that there was anything wrongful about these sales. In fact, GPT Glendale concedes that it was proper for Kentek to display GPT Glendale products and trademarks on Kentek's website prior to termination of the distributorship in April, 2006. Opposition, p. 9.

GPT Glendale's Opposition never mentions Count XI, the patent infringement claim, where the allegedly infringing product, over two and one-half years, had virtually nothing to do

with Rhode Island -- there being only one sale in Rhode Island other than a sale solicited by GPT Glendale for purposes of this lawsuit. There is nothing alleged in the Complaint that this product had anything to do with Kentek's prior relationship with GPT Glendale or Kentek's hiring of GPT Glendale's former employees.

In making the argument for jurisdiction based on Kentek's website, GPT Glendale relies heavily on two non-Rhode Island cases, *Euromarket Designs, Inc. v. Crate & Barrel, Ltd.*, 96 F.Supp 2d 824 (N.D. Ill. 2000) and *Cecil McBee v. Delica Co.*, No. 02-198-PC, 2000 WL 1872907 (D.Me. April 14, 2003). GPT Glendale admits that the *Euromarket* court relied on "a number of non-internet contacts between the defendant and Illinois to support this decision" and that "these contacts included defendants' use of Illinois suppliers, its attendance at trade shows in Illinois, and its advertising and publications that circulated in the United States." Opposition, p. 17. There is no evidence presented by GPT Glendale that Kentek had any such non-internet contacts in Rhode Island. The *Cecil McBee* decision was never tested on appeal and is inconsistent with Magistrate Lovergreen's decision in *Swarovski Optik N.A. Ltd. v. Euro Optics, Inc.*, 2003 U.S. Dist. LEXIS 14881 (D. R.I.).

Glendale argues that this Court should not allow "piecemeal litigation" and cites authority suggesting that in considering the "Gestalt factors," the Court should try to hold in all defendants in one litigation. *Branch Metal Processing, Inc. v. Boston Edison Co.*, 952 F. Supp. 893 (D. Rhode Island 1996). This provides no basis for ignoring the First Circuit's requirements in *Phillips Exeter Academy v. Howard Phillips Fund*, 196 F.3d 284, 291 (1st Cir. 1999), that the Court must carefully and separately examine the jurisdictional basis for each claim.

GPT Glendale's Opposition contains only one specific example of alleged wrongful conduct by defendants when they claim that former employee "Simmons contacted one of GPT

Glendale's vendors of a metal eye cap product to request that it manufacture an identical product for Kentek." Opposition, p. 7. As indicated in the Supplemental Simmons Affidavit, this simple device is readily available from several well-known vendors, and it is highly unlikely that Simmons disclosed any confidential information to Kentek. GPT's emphasis on this unsupportable claim strongly suggests that this is one of those "dubious" cases where the Court should demand a higher level of proof before permitting the case to go to trial. *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, PA*, 290 F.3d 42, 51, fn 6. In the face of defendants' affidavits, plaintiff's primary response was to repeat the conclusory allegations of the Verified Complaint. This is wholly inadequate and the entire case should be dismissed.

KENTEK CORPORATION, BONNIE G. SIMMONS, AND RICHARD L. PELLEGRINI,
By Their Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ James W. Ryan
James W. Ryan (#4042)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
jwr@psh.com

DATED: October 18, 2006

Of Counsel:
W. Wright Danenbarger, Esq.
Thomas J. Pappas, Esq.
Wiggin & Nourie, P.A.
670 No. Commercial Street, Suite 305
P.O. Box 808
Manchester, NH 03105-0808
(603) 669-2211
(603) 623-8442 FAX
wdanenbarger@wiggin-nourie.com
tpappas@wiggin-nourie.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing REPLY OF DEFENDANTS KENTEK CORPORATION, ET AL. TO GPT GLENDALE'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION was filed with the Clerk of the United States District Court for the District of Rhode Island this 18th day of October, 2006 and is available for viewing and downloading to the following ECF registered counsel of record:

Darlene K. Alt
dalt@eapdlaw.com

W. Wright Danenbarger
wdanenbarger@wiggin-nourie.com

Thomas J. Pappas
tpappas@eapdlaw.com

Dennis J. Roberts, II
droberts@djrlaw.com

and that true copies have been forwarded by prepaid first class mail to the following ECF non-registered counsel:

Peter G. Mack, Esq.
Mark A. Salzberg, Esq.
Michael J. Lockerby, Esq.
Foley & Lardner, LLP
Washington Harbour
3000 K Street, NW, Suite 500
Washington, DC 20007

Mel B. O'Reilly, Esq.
7125 Prospect Place NE
Albuquerque, NM 87110

/s/ James W. Ryan

881069_1/5451-2