# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

GPT GLENDALE, INC., a Delaware corporation,
Plaintiff,

v.

KENTEK CORPORATION, a New Hampshire corporation;
WILLIAM L. ARTHUR, an individual resident of New Mexico;
BONNIE G. SIMMONS, an individual resident of New Hampshire; and
RICHARD L. PELLEGRINI, an individual resident of Florida,
Defendants.

C.A. No. 06-334 L

## MEMORANDUM IN OPPOSITION OF DEFENDANTS KENTEK CORPORATION, ET AL. TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND EXPEDITED DISCOVERY

Defendants Kentek Corporation ("Kentek"), Bonnie G. Simmons ("Simmons") and Richard L. Pellegrini ("Pellegrini"), by counsel, state as follows in opposition to GPT Glendale's Motion for Preliminary Injunction and Expedited Discovery. Defendants hereby incorporate by reference the accompanying Affidavit of Thomas D. MacMullin in opposition to Plaintiff's Motion for Preliminary Injunction and Expedited Discovery, as well as the Affidavits of MacMullin, Pellegrini, and Simmons (including her Supplemental Affidavit) previously submitted in support of Defendant's Motion to Dismiss.

Without any apparent urgency, GPT Glendale waited over two months after filing of its Complaint to file its Motion for Preliminary Injunction and Expedited Discovery. In the meantime, defendants have filed a challenge to the Court's personal jurisdiction over them in Rhode Island. Since defendants are forced to respond to the Preliminary Injunction Motion prior

to resolution of the personal jurisdiction issue, this Opposition should be without waiver of their claim of lack of jurisdiction. Moreover, the Court should resolve the issue of jurisdiction before requiring defendants to take any further steps to deal with the issues of preliminary injunctive relief and/or expedited discovery.

The attached Affidavit of Thomas D. MacMullin not only obviates the need for any expedited proceedings but also requires denial of the Motion. This Affidavit makes it clear that because of actions already taken by Kentek (without a concession that there was any prior improper conduct), there is no threat of immediate irreparable harm which this Court would have to find in order to consider and grant GPT Glendale's Motion.

Because GPT Glendale lacks any proof that its former employees, Simmons and Pellegrini, have disclosed any confidential information to Kentek and/or that Kentek has misused such information, GPT Glendale's Motion attempts to invoke the theory of inevitable disclosure. As the only support for the adoption of this theory in Rhode Island, GPT Glendale cites the Rhode Island Superior Court decision in *Read & Lundy, Inc. v. Washington Trust Co.*, 2002 W.L. 31867, 31868 (2002). That case not only does not adopt the inevitable disclosure theory, it doesn't even mention it since it could not be applicable to the facts of that case. When the First Circuit considered this theory in *Campbell Soup Co. v. Giles*, 47 F.3d 467 (1995), it sustained the District Court's denial of a preliminary injunction where the District Court, instead of relying on the theory, considered substantial evidence and found that the defendant was unlikely to disclose confidential information and the plaintiff would not be irreparably harmed even if the defendant did so. Here, the best example that GPT Glendale can offer of an alleged damaging disclosure

by a former employee turns out to be a ridiculous assertion that clearly public information is somehow confidential information.[1] *See* MacMullin Affidavit, ¶11.

Even if the theory of inevitable disclosure was applicable law in this case, the proof necessary for its application is totally inadequate. As indicated by GPT Glendale, a factor necessary to find inevitable disclosure is "whether the employee's position with the new employer is comparable to the position held with the former employer." (Motion Memo, p. 34.) Pellegrini was a vice president of GPT Glendale who left two years ago. (Pellegrini Affidavit, ¶5.)[2] Aside from whether any knowledge he had two years ago could be recollected or would be useful, he is not employed by Kentek as a vice president but as a consultant to advise on exporting Kentek products to Europe. (Pellegrini Affidavit, ¶6.) GPT Glendale has offered no evidence that this work would inevitably involve disclosure of its trade secrets. Likewise, there is no evidence that Simmons' new position with Kentek would inevitably involve such disclosure.

Apparently recognizing the weakness of its position, GPT Glendale does not seek to prevent Pellegrini or Simmons from continuing to consult with and/or work for Kentek in their present positions but only to enjoin them from "any additional activity that would result in misappropriation of GPT Glendale's trade secrets." (Exhibit A, p. 4.) Since GPT Glendale has not shown that there has been any previous such "activity," there is no basis for issuing injunctive relief or expediting discovery.

**CONCLUSION**

WHEREFORE, GPT Glendale's Motion should be denied in its entirety.

---

[1] See the First Circuit's Affirmation of this Court's decision finding no trade secret as to "information obtainable in normal business channels." *APG, Inc. v. MCI Telecoms Corp.*, 436 F.3d 294, 307 (2006)

[2] Filed with defendant's Motion to Dismiss.

KENTEK CORPORATION, BONNIE G. SIMMONS, AND RICHARD L. PELLEGRINI,
By Their Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ James W. Ryan
James W. Ryan (#4042)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
jwr@psh.com

DATED: October 23, 2006

Of Counsel:
W. Wright Danenbarger, Esq.
Thomas J. Pappas, Esq.
Wiggin & Nourie, P.A.
670 No. Commercial Street, Suite 305
P.O. Box 808
Manchester, NH 03105-0808
(603) 669-2211
(603) 623-8442 FAX
wdanenbarger@wiggin-nourie.com
tpappas@wiggin-nourie.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing OPPOSITION OF DEFENDANTS KENTEK CORPORATION, ET AL TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND EXPEDITED DISCOVERY was filed with the Clerk of the United States District Court for the District of Rhode Island this 23rd day of October, 2006 and is available for viewing and downloading to the following ECF registered counsel of record:

Darlene K. Alt
dalt@eapdlaw.com

W. Wright Danenbarger
wdanenbarger@wiggin-nourie.com

Thomas J. Pappas
tpappas@eapdlaw.com

Dennis J. Roberts, II
droberts@djrlaw.com

Mel B. O'Reilly
mel@oreillylawoffice.com

and that true copies have been forwarded by prepaid first class mail to the following ECF non-registered counsel:

Peter G. Mack, Esq.
Mark A. Salzberg, Esq.
Michael J. Lockerby, Esq.
Foley & Lardner, LLP
Washington Harbour
3000 K Street, NW, Suite 500
Washington, DC 20007

881836_1/5451-2