# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

GPT GLENDALE, INC., a Delaware corporation,
Plaintiff,

v.

KENTEK CORPORATION, a New Hampshire corporation;
WILLIAM L. ARTHUR, an individual resident of New Mexico;
BONNIE G. SIMMONS, an individual resident of New Hampshire; and
RICHARD L. PELLEGRINI, an individual resident of Florida,
Defendants.

C.A. No. 06-334 ML

## ANSWER AND AFFIRMATIVE DEFENSES OF KENTEK CORPORATION, BONNIE G. SIMMONS, AND RICHARD L. PELLEGRINI

NOW COME Defendants, Kentek Corporation ("Kentek"), Bonnie G. Simmons ("Simmons") and Richard L. Pellegrini ("Pellegrini"), by their counsel, Wiggin & Nourie, P.A., and assert their answer and affirmative defenses as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint.

7. Admit the allegations of paragraph 7 of the Complaint.

8. With respect to the allegations of paragraph 8 of the Complaint, deny the second sentence of said paragraph 8 and otherwise deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except that Kentek admits that Arthur is a resident of Albuquerque, New Mexico.

9. Admit the allegations of paragraph 9 of the Complaint.

10. With respect to the allegations of paragraph 10 of the Complaint, admit that Pellegrini is a former General Manager and Vice President of GPT Glendale, whom Kentek has retained as a consultant, and admit that Pellegrini resides at 1501-62 Grasslands Boulevard, Lakeland, Florida 33803, and otherwise deny the allegations of said paragraph.

11. With respect to the allegations of paragraph 11 of the Complaint, Kentek denies the allegations of the first sentence of the paragraph and defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph.

12. With respect to the allegations of paragraph 12 of the Complaint, Kentek admits that Brown formerly worked for GPT Glendale, resides at 7019 Santa Elena Street, N.E., Albuquerque, New Mexico, 87173 and currently works for Kentek and other defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph.

13. With respect to the allegations of paragraph 13 of the Complaint, deny knowledge or information sufficient to form a belief as to the allegations of the last sentence of said paragraph and otherwise admit the allegations thereof.

14. With respect to the allegations of paragraph 14 of the Complaint, deny the allegations of first and second sentences of said paragraph, and deny knowledge and information sufficient to form a belief as to the truth of the allegations of the third sentence of said paragraph.

15. Deny the allegations of paragraph 15 of the Complaint.

16. Deny the allegations of paragraph 16 of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of paragraph 19 of the Complaint.

20. With respect to the allegations of paragraph 20 of the Complaint, deny knowledge or information as to GPT Glendale's practice, deny that the distributorship relationship began in 1997, and otherwise admit the allegations of said paragraph.

21. With respect to the allegations of paragraph 21 of the Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of said paragraph and admit the allegations of the second sentence.

22. Admit the allegations of paragraph 22 of the Complaint.

23. With respect to the allegations of paragraph 23 of the Complaint, deny said allegations and refer to the terms of the Agreement.

24. With respect to the allegations of paragraph 24 of the Complaint, admit that there were negotiations concerning the sale of Lase-R-Shield, deny that all the information provided was confidential and proprietary, and otherwise admit the allegations of said paragraph.

25. Kentek denies the allegations of paragraph 25 of the Complaint and other defendants deny knowledge or information sufficient to form a belief as to the truth of said allegations.

26. Deny the allegations of paragraph 26 of the Complaint.

27. Deny the allegations of paragraph 27 of the Complaint.

28. Deny the allegations of paragraph 28 of the Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint and refer to the Agreement.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint and refer to the Agreement.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Complaint and refer to the Agreement.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Complaint and refer to the Agreement.

34. Kentek admits the allegations of paragraph 34 of the Complaint and other defendants deny knowledge or information sufficient to form a belief as to the truth of said allegations.

35. Deny the allegations of paragraph 35 of the Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Complaint and refer to the letter for its terms.

37. Deny the allegations of paragraph 37 of the Complaint.

38. Deny the allegations of paragraph 38 of the Complaint.

39. With respect to the allegations of paragraph 39 of the Complaint, Kentek admits that such a letter was sent and received, but deny the allegations of said letter and other defendants deny knowledge or information sufficient to form a belief as to the truth of said allegations.

40. With respect to the allegations of paragraph 40 of the Complaint, Kentek admits that such a letter was sent and received, but deny the allegations of said letter and other defendants deny knowledge or information sufficient to form a belief as to the truth of said allegations.

41. Deny the allegations of paragraph 41 of the Complaint.

42. With respect to the allegations of paragraph 42 of the Complaint, admit the allegations of the first and third sentences of said paragraph and deny the allegations of the second sentence.

43. Deny the allegations of paragraph 43 of the Complaint.

44. Deny the allegations of paragraph 44 of the Complaint.

45. Deny the allegations of paragraph 45 of the Complaint.

46. Deny the allegations of paragraph 46 of the Complaint.

47. With respect to the allegations of paragraph 47 of the Complaint, deny that the term "authorized" was part of the distributorship arrangement and otherwise admit the allegations of said paragraph.

48. Deny the allegations of paragraph 48 of the Complaint.

49. With respect to the allegations of paragraph 49 of the Complaint, deny the allegations of first and fourth sentences, deny knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence. As to the allegations of the third sentence, deny that the term "authorized" was part of the distributorship arrangement and otherwise admit the allegations of said sentence.

50. Deny the allegations of paragraph 50 of the Complaint.

51. With respect to the allegations of paragraph 51 of the Complaint, deny said allegations and refer to the letter for its terms.

52. Deny the allegations of paragraph 52 of the Complaint.

53. Deny the allegations of paragraph 53 of the Complaint.

54. Deny the allegations of paragraph 54 of the Complaint.

55. Deny the allegations of paragraph 55 of the Complaint.

56. With respect to the allegations of paragraph 56 of the Complaint, admit the allegations of the first sentence, deny the allegations of the second sentence, and deny knowledge or information sufficient to form a belief as to the truth of the allegations of the third sentence.

57. With respect to the allegations of paragraph 57 of the Complaint, deny the allegations of the first and third sentences of said paragraph and, with respect to the allegations of second sentence, deny knowledge or information sufficient to form a belief as to the truth of the allegations thereof, but deny that the term "authorized" was part of the distributorship arrangement.

58. Deny the allegations of paragraph 58 of the Complaint.

59. Deny the allegations of paragraph 59 of the Complaint.

60. Deny the allegations of paragraph 60 of the Complaint.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 of the Complaint.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 of the Complaint.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 of the Complaint.

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 of the Complaint.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 of the Complaint.

66. Deny the allegations of paragraph 66 of the Complaint.

67. Deny the allegations of paragraph 67 of the Complaint.

68. Deny the allegations of paragraph 68 of the Complaint.

69. Deny the allegations of paragraph 69 of the Complaint.

70. Deny the allegations of paragraph 70 of the Complaint.

71. With respect to the allegations of paragraph 71 of the Complaint, admit the allegations of the second sentence of said paragraph, deny the allegations of the first sentence of said paragraph, and deny knowledge or information sufficient to form a belief as to the truth of the allegations of the third sentence of said paragraph.

72. With respect to the allegations of paragraph 72 of the Complaint, admit the allegations of the first and second sentences of said paragraph except deny that the term

"authorized" was part of the distributorship arrangement, admit, because of delayed availability, the allegations of the fourth sentence of said paragraph, and otherwise deny the allegations of said paragraph.

73. With respect to the allegations of paragraph 73 of the Complaint, deny the allegations of the last sentence of said paragraph and otherwise admit the allegations of said paragraph.

74. Deny the allegations of paragraph 74 of the Complaint.

75. Defendants incorporate their responses to paragraphs 1 through 74 by reference.

76. Kentek denies the allegations of paragraph 76 of the Complaint.

77. Kentek denies the allegations of paragraph 77 of the Complaint.

78. Kentek denies the allegations of paragraph 78 of the Complaint.

79. Kentek denies the allegations of paragraph 79 of the Complaint.

80. Kentek denies the allegations of paragraph 80 of the Complaint.

81. Kentek denies the allegations of paragraph 81 of the Complaint.

82. Kentek denies the allegations of paragraph 82 of the Complaint.

83. Kentek denies the allegations of paragraph 83 of the Complaint.

84. Kentek denies the allegations of paragraph 84 of the Complaint.

85. Kentek denies the allegations of paragraph 85 of the Complaint.

86. Kentek defendants incorporate their responses to paragraphs 1 through 74 by reference.

87. Kentek denies the allegations of paragraph 87 of the Complaint.

88. Kentek denies the allegations of paragraph 88 of the Complaint.

89. Kentek denies the allegations of paragraph 89 of the Complaint.

90. Kentek denies the allegations of paragraph 90 of the Complaint.

91. Kentek denies the allegations of paragraph 91 of the Complaint.

92. Kentek denies the allegations of paragraph 92 of the Complaint.

93. Kentek denies the allegations of paragraph 93 of the Complaint.

94. Kentek denies the allegations of paragraph 94 of the Complaint.

95. Kentek denies the allegations of paragraph 95 of the Complaint.

96. Kentek denies the allegations of paragraph 96 of the Complaint.

97. Kentek denies the allegations of paragraph 97 of the Complaint.

98. Kentek denies the allegations of paragraph 98 of the Complaint.

99. Kentek denies the allegations of paragraph 99 of the Complaint.

100. Kentek denies the allegations of paragraph 100 of the Complaint.

101. Defendants incorporate their responses to paragraphs 1 through 74 by reference.

102. Kentek denies the allegations of paragraph 102 of the Complaint.

103. Kentek denies the allegations of paragraph 103 of the Complaint.

104. Kentek denies the allegations of paragraph 104 of the Complaint.

105. Kentek denies the allegations of paragraph 105 of the Complaint.

106. Kentek denies the allegations of paragraph 106 of the Complaint.

107. Defendants incorporate their responses to paragraphs 1 through 74 by reference.

108. Kentek denies the allegations of paragraph 108 of the Complaint.

109. With respect to the allegations of paragraph 109 of the Complaint, Kentek denies the allegations of said paragraph and refers to the Agreement.

110. Kentek denies the allegations of paragraph 110 of the Complaint.

111. Kentek denies the allegations of paragraph 111 of the Complaint.

112. Kentek denies the allegations of paragraph 112 of the Complaint.

113. Defendants incorporate their responses to paragraphs 1 through 74 by reference.

114. With respect to the allegations of paragraph 114 of the Complaint, deny the allegations of said paragraph even though it is pled only against Arthur.

115. With respect to the allegations of paragraph 115 of the Complaint, deny the allegations of said paragraph even though it is pled only against Arthur.

116. Defendants incorporate their responses to paragraphs 1 through 74 by reference.

117. Deny the allegations of paragraph 117 of the Complaint.

118. Deny the allegations of paragraph 118 of the Complaint.

119. Deny the allegations of paragraph 119 of the Complaint.

120. Deny the allegations of paragraph 120 of the Complaint.

121. Deny the allegations of paragraph 121 of the Complaint.

122. Deny the allegations of paragraph 122 of the Complaint.

123. Deny the allegations of paragraph 123 of the Complaint.

124. Deny the allegations of paragraph 124 of the Complaint.

125. Deny the allegations of paragraph 125 of the Complaint.

126. Deny the allegations of paragraph 126 of the Complaint.

127. Deny the allegations of paragraph 127 of the Complaint.

128. Defendants incorporate their responses to paragraphs 1 through 74 by reference.

129. With respect to the allegations of paragraph 129 of the Complaint, admit the allegations of said paragraph even though they are pled only against Arthur.

130. With respect to the allegations of paragraph 130 of the Complaint, deny said allegations even though they are pled only against Arthur.

131. With respect to the allegations of paragraph 131 of the Complaint, deny said allegations even though they are pled only against Arthur.

132. Defendants incorporate their responses to paragraphs 1 through 74 by reference.

133. With respect to the allegations of paragraph 133 of the Complaint, deny knowledge or information sufficient to form a belief as to the truth of said allegations as they refer to Arthur and otherwise deny the allegations of said paragraph.

134. Deny the allegations of paragraph 134 of the Complaint.

135. Deny the allegations of paragraph 135 of the Complaint.

136. Deny the allegations of paragraph 136 of the Complaint.

137. With respect to the allegations of paragraph 137 of the Complaint, admit that when employed by GPT Glendale said persons owed a duty of loyalty, and otherwise deny the allegations of said paragraph.

138. Deny the allegations of paragraph 138 of the Complaint.

139. Deny the allegations of paragraph 139 of the Complaint.

140. Deny the allegations of paragraph 140 of the Complaint.

141. Defendants incorporate their responses to paragraphs 1 through 74 by reference.

142. With respect to the allegations of paragraph 142 of the Complaint, deny said allegations and refer to the Agreement.

143. Kentek admits the allegations of paragraph 143 of the Complaint.

144. Kentek denies the allegations of paragraph 144 of the Complaint.

145. Kentek denies the allegations of paragraph 145 of the Complaint.

146. Kentek admits the allegations of paragraph 146 of the Complaint.

147. Kentek denies the allegations of paragraph 147 of the Complaint.

148. Kentek denies the allegations of paragraph 148 of the Complaint.

149. Kentek denies the allegations of paragraph 149 of the Complaint.

150. Kentek denies the allegations of paragraph 150 of the Complaint.

151. Defendants incorporate their responses to paragraphs 1 through 74 by reference.

152. Kentek denies the allegations of paragraph 152 of the Complaint.

153. Kentek denies the allegations of paragraph 153 of the Complaint.

154. Kentek denies the allegations of paragraph 154 of the Complaint.

155. Kentek denies the allegations of paragraph 155 of the Complaint.

156. Kentek denies the allegations of paragraph 156 of the Complaint.

157. Defendants incorporate their responses to paragraphs 1 through 74 by reference.

158. Kentek admits that patent 6,320,094 was issued on November 20, 2001 and denies that a true and correct copy was attached to the Complaint as Exhibit J. Kentek

denies that the patent issued to Nancy L. Arnold and Jeffrey M. Stein. On the contrary, patent 6,320,094 was issued to GPT Glendale, Inc., as the inventors' assignee.

159. Kentek admits that patent 6,320,094 relates generally to a disposable eye covering, in the form of a "patch," which has applications in surgical and/or professional facial care procedures, but denies that the patent relates generally to a disposable eye covering in the form of a "shield."

160. Kentek admits the allegations of paragraph 160.

161. Kentek is without information sufficient to form a belief as to the truth of the allegations of paragraph 161.

162. Kentek admits that GPT Glendale makes and sells disposable eye shields, but denies that the eye shields are "covered" by one or more claims of patent 6,320,094 because the claims are invalid for the reasons set forth in the Affirmative Defenses below.

163. Kentek denies the allegations of paragraph 163.

164. Kentek denies the allegations of paragraph 164.

165. Kentek is without information sufficient to form a belief as to the truth of the allegations of paragraph 165.

166. Kentek denies the allegations of paragraph 166.

167. Kentek denies the allegations of paragraph 167.

168. Kentek denies the allegations of paragraph 168.

## AFFIRMATIVE DEFENSES

### *AFFIRMATIVE DEFENSES GENERALLY APPLICABLE TO ALL CLAIMS*

#### First Affirmative Defense

Defendants are not subject to personal jurisdiction in Rhode Island.

**Second Affirmative Defense**

Venue is improper in this Court.

**Third Affirmative Defense**

Plaintiffs have failed to join necessary and/or indispensable parties.

**Fourth Affirmative Defense**

Plaintiff's claims are barred by the doctrine of unclean hands.

**Fifth Affirmative Defense**

Plaintiff's claims are barred by the doctrine of laches.

**Sixth Affirmative Defense**

To the extent that Plaintiff seeks injunctive relief, there is no irreparable harm and the balance of equities favors Defendants.

**Seventh Affirmative Defense**

Plaintiff has, by its own conduct, waived its claims and/or is estopped from making them.

***AFFIRMATIVE DEFENSES APPLICABLE TO COUNTS I, II AND III***

**Eighth Affirmative Defense**

Kentek's infringement and/or unfair competition, if any, was *de minimus.*

**Ninth Affirmative Defense**

Kentek's use, if any, of Plaintiff's marks and/or trade dress was nominative fair use.

**Tenth Affirmative Defense**

Plaintiff has abandoned any claim for infringement and/or unfair competition by failure to control Kentek's operations.

**Eleventh Affirmative Defense**

Plaintiff has no enforceable rights in the functional product numbers or the functional trade dress of its products.

**Twelfth Affirmative Defense**

Plaintiff's claims are moot because plaintiff's complaints about Kentek's use of its website and other conduct has been addressed by Kentek.

**Thirteenth Affirmative Defense**

There is no likelihood of confusion created by any conduct by Kentek.

**Fourteenth Affirmative Defense**

Plaintiff's claim is unsustainable because defendant Kentek's statements, if any, about its own products and the lack of availability of plaintiff's products were true.

***AFFIRMATIVE DEFENSES APPLICABLE TO COUNTS IX AND X***

**Fifteenth Affirmative Defense**

Defendant Kentek's interference, if any, was justified and/or privileged.

***AFFIRMATIVE DEFENSES APPLICABLE TO COUNT XI***

**Sixteenth Affirmative Defense**

Upon information and belief, Patent 6,320, 094, and each claim thereof, is invalid and unenforceable against Kentek under 35 U.S.C. §102 for one or more of the following reasons:

(i) The alleged invention thereof was known or used by others in this country, or was patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the persons alleged to be inventors;

(ii) The alleged invention thereof was patented or described in a printed publication in this or a foreign country, or was in public use or on sale in this country, more than one year prior to the filing date of the application for Patent 6,320,094;

(iii) The alleged invention thereof was described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the persons alleged to be the inventors, or described in a patent granted on an international application by another who has fulfilled the requirements of paragraphs (1), (2) and (4) of 35 U.S.C. §371© before the invention thereof by the persons alleged to be the inventors;

(iv) The persons alleged to be the inventors of the subject matter of Patent 6,320,094 did not invent the subject matter claimed therein;

(v) Before the alleged invention of the subject matter claimed in Patent 6,320,094 by the persons alleged to be the inventors, the alleged invention was made in this country by another who had not abandoned, suppressed or concealed it.

**Seventeenth Affirmative Defense**

Upon information and belief, Patent 6,320,094, and each claim thereof, are invalid under 35 U.S.C. §103 because, to the extent that the subject matter defined in the claims of Patent 6,320,094 may be found not to be identically disclosed or described in the prior art as set forth in 35 U.S.C. §102, any differences between the claimed subject matter and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which the subject matter pertains.

**Eighteenth Affirmative Defense**

Upon information and belief, Patent 6,320,094, and each claim thereof, are invalid because the specification thereof does not contain a written description of the alleged invention and the manner and process of making and using it as required by 35 U.S.C. §112.

**Nineteenth Affirmative Defense**

Upon information and belief, Patent 6,320,094, and each claim thereof, are invalid because the specification of such patent is not in such full, clear, concise and exact terms as to enable a person skilled in the art to which it pertains to make and use the alleged invention thereof or does not set forth the best mode contemplated by the alleged inventors thereof of carrying out their invention as required by 35 U. S.C. §112.

**Twentieth Affirmative Defense**

Upon information and belief, Patent 6,320,094, and each claim thereof, are invalid because they do not particularly point out and distinctly claim the subject matter which the alleged inventors thereof regarded as their invention as required by 35 U.S.C. §112, but rather such claims are indefinite, ambiguous and uncertain.

**Twenty-First Affirmative Defense**

Defendant Kentek does not make, use or sell, and has not made, used or sold in the United States any product which infringes any claim of Patent 6,320,094, directly or indirectly, contributorily or otherwise, and has not induced any others to infringe said patent.

**Twenty-Second Affirmative Defense**

No claim of Patent 6,320,094 can be both infringed by Kentek's products, and at the same time valid under 35 U.S.C. §§ 102, 103, and 112.

**Twenty-Third Affirmative Defense**

Plaintiff is not entitled to recover damages on account of any alleged infringement that took place before the filing of this action because plaintiff has not previously notified Kentek of the alleged infringement, and has not complied with the patent marking requirement of 35 U.S.C. §287.

**Twenty-Fourth Affirmative Defense**

Plaintiff is precluded from recovery of costs by reason of its failure to disclaim one or more invalid claims in Patent 6,320,094 before the institution of this action.

WHEREFORE, Defendants pray that the Court:

A. Dismiss Plaintiff's Complaint;

B. Award Defendants their costs, including reasonable attorneys' fees; and

C. Such other and further relief as may be just and equitable.

KENTEK CORPORATION, BONNIE G. SIMMONS, AND RICHARD L. PELLEGRINI,

By Their Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ James W. Ryan

James W. Ryan (#4042)
Robert K. Taylor (#6514)
180 South Main Street
Providence, RI 02903
(401) 861-8200 / (401) 861-8210 FAX
jwr@psh.com
rkt@psh.com

DATED: November 16, 2006



886474_1/5451-2

Of Counsel:

W. Wright Danenbarger, Esq.
Thomas J. Pappas, Esq.
Wiggin & Nourie, P.A.
670 No. Commercial Street, Suite 305
P.O. Box 808
Manchester, NH 03105-0808
(603) 669-2211
(603) 623-8442 FAX
wdanenbarger@wiggin-nourie.com
tpappas@wiggin-nourie.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of November, 2006, I electronically filed the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF KENTEK CORPORATION, BONNIE G. SIMMONS, AND RICHARD L. PELLEGRINI with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System. The following participant has received notice electronically and is available for viewing and downloading to the following ECF registered counsel of record:

Darlene K. Alt, Esq.
dalt@eapdlaw.com

W. Wright Danenbarger, Esq.
wdanenbarger@wiggin-nourie.com

Thomas J. Pappas, Esq.
tpappas@eapdlaw.com

Dennis J. Roberts, II, Esq.
droberts@djrlaw.com

Mel B. O'Reilly, Esq.
mel@oreillylawoffice.com

Raymond M. Ripple, Esq.
rripple@eapdlaw.com

and that true copies have been forwarded by prepaid first class mail to the following ECF non-registered counsel:

Peter G. Mack, Esq.
Mark A. Salzberg, Esq.
Michael J. Lockerby, Esq.
Foley & Lardner, LLP
Washington Harbour
3000 K Street, NW, Suite 500
Washington, DC 20007

/s/ James W. Ryan