# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GPT GLENDALE, INC., a Delaware corporation,<br>Plaintiff,<br><br>v.<br><br>KENTEK CORPORATION, a New Hampshire corporation;<br>WILLIAM L. ARTHUR, an individual resident of New Mexico;<br>BONNIE G. SIMMONS, an individual resident of New Hampshire; and<br>RICHARD L. PELLEGRINI, an individual resident of Florida,<br>Defendants. | C.A. No. 06-334 ML |

## LOCAL RULE 16(c) STATEMENT OF ELEMENTS OF DEFENDANTS' AFFIRMATIVE DEFENSES

NOW COME Defendants, Kentek Corporation ("Kentek"), Bonnie G. Simmons, and Richard L. Pellegrini, and, pursuant to Local Rule 16(c), submit the following statement of the elements of their affirmative defenses to the claims of GPT Glendale, Inc. ("Glendale"):

I. Failure to Join Necessary and/or Indispensable Parties. Defendants must prove that there is some person, who cannot be made a party to this action, and:

> (1) in the person's absence, complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a). This action should be dismissed if, "in equity and good conscience," the absent person is regarded as "indispensable." Fed. R. Civ. P. 19(b).

II. Unclean Hands. Defendants must prove that Glendale came into this suit with unclean hands because, for example, Glendale engaged in fraudulent, dishonest, and/or inequitable conduct underlying its claims.

III. Laches. Defendants must show that Glendale's delay in bringing suit was unreasonable and resulted in prejudice to Defendants.

IV. Waiver and/or Estoppel. Defendants must prove that Glendale intentionally and voluntarily relinquished a known right, or that there was some improper conduct on the part of Glendale that precludes it from asserting its claims.

V. De *Minimus* Infringement and/or Unfair Competition. Glendale's allegation that it took approximately two months after Kentek's termination for Kentek to rid its website of photos of Glendale products, Glendale product numbers, and Glendale product names is insufficient to constitute infringement and/or unfair competition. Kentek's infringement and/or unfair competition, if any, was de minimus. See, e.g., Optimum Technologies, Inc. v. Henkel Consumer Adhesives, Inc., 2006 U.S. Dist. LEXIS 42891 (N.D. Ga. 2006).

VI. Nominative Fair Use. Kentek's use, if any, of Glendale's marks and/or trade dress was nominative fair use. Kentek must prove: (1) that the use of Glendale's marks was necessary to describe Glendale's product and Kentek's product; (2) that Kentek used only so much of Glendale's marks as was necessary to describe Glendale's product; and (3) that Kentek's conduct or language reflected the true and accurate relationship between Glendale and Kentek products. Century 21 Real Estate Corp. v. Lendingtree, Inc., 425 F3d 211, 222 (3d Cir. 2005).

VII. Abandonment. Kentek must prove that Glendale has abandoned any claim for infringement and/or unfair competition by its failure to control Kentek's operations.

VIII. Lack of Enforceable Rights in Glendale Product Numbers or Trade Dress. Glendale has no enforceable rights in the functional product numbers or the functional trade dress of its products, which have no secondary meaning.

IX. Mootness. Kentek must prove that Glendale's claims are moot because Glendale's complaints have been addressed by Kentek and relief is no longer needed.

X. No Likelihood of Confusion. Kentek must prove that its conduct, if any, did not create any likelihood of confusion.

XI. True Statements. Kentek must prove that its statements, if any, about its own products and the lack of availability of Glendale's products were true.

XII. Justification and/or Privilege. Kentek's interference, if any, with business relationships and/or prospective contractual relationships relations was justified and/or privileged.

XIII. Anticipation. Kentek must prove that Patent 6,320,094 ("the Patent"), and each asserted claim thereof, was identically known, used, or disclosed in prior art. See 35 U.S.C. §102.

XIV. Obviousness. Ketnek must prove that the subject matter of each asserted claim would have been obvious to a person of ordinary skill at the time the invention was made. See 35 U.S.C. §103.

XV. Failure to Satisfy 35 U.S.C. §112. Kentek must prove: (1) that the disclosure as filed does not reasonably convey to one of skill in the art that the inventor possessed later-claimed subject matter; (2) that the specification does not teach those skilled in the art how to make and use the full scope of the claimed invention; (3) that the inventors considered there to be a superior embodiment at the time of filing, but failed to disclose it; or (4) that the asserted claims do not reasonably apprise those skilled in the art of what they foreclose.

XVI. Non-Infringement. Kentek does not make, use or sell, and has not made, used or sold in the United States any product which infringes any valid claim of the Patent directly or indirectly, contributorily or otherwise, and has not induced any others to infringe said patent.

XVII. Damage Limitations. Glendale is not entitled to recover damages on account of any alleged infringement that took place before the filing of this action because Glendale has not previously notified Kentek of the alleged infringement, and has not complied with the patent marking requirement of 35 U.S.C. §287.

XVIII. Failure to Disclaim Invalid Claims. To demonstrate that Glendale is precluded from recovering costs, Kentek must prove that one or more claims of the Patent is invalid, and that no disclaimer was filed in the Patent and Trademark Office before the filing of this action.

Respectfully submitted,

KENTEK CORPORATION
BONNIE G. SIMMONS
RICHARD L. PELLEGRINI

By Their Attorneys,

PARTRIDGE SNOW & HAHN LLP

By: /s/ James W. Ryan

James W. Ryan (#4042)
Robert K. Taylor (#6514)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
jwr@psh.com
rkt@psh.com

Date: January 31, 2007

Of Counsel:
W. Wright Danenbarger, Esquire
Thomas J. Pappas, Esquire
Wiggin & Nourie, P.A.
670 No. Commercial Street, Suite 305
P.O. Box 808
Manchester, NH 03105-0808
(603) 669-2211
(603) 623-8442 FAX
wdanenbarger@wiggin-nourie.com
tpappas@wiggin-nourie.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Local Rule 16(c) Statement of Elements of Defendants' Affirmative Defenses was filed with the Clerk of the United States District Court for the District of Rhode Island this 31st day of January, 2007 and is available for viewing and downloading to the following registered counsel of record:

Darlene K. Alt, Esq.
dalt@eapdlaw.com

W. Wright Danenbarger, Esq.
wdanenbarger@wiggin-nourie.com

Thomas J. Pappas, Esq.
tpappas@wiggin-nourie.com

Dennis J. Roberts, II, Esq.
droberts@djrlaw.com

Mel B. O'Reilly, Esq.
mel@oreillylawoffice.com

Raymond M. Ripple, Esq.
rripple@eapdlaw.com

Christine K. Bush
cbush@duffysweeney.com

and that true copies have been forwarded by prepared first class mail to the following ECF non-registered counsel:

Michael Lockerby, Esq.
Peter G. Mack, Esq.
Mark A. Salzberg, Esq.
Foley & Lardner, LLP
Washington Harbour
3000 K Street, NW, Suite 500
Washington, DC 20007

George A. Smith, Jr., Esq.
Howson & Howson, LLP
Suite 210
510 Office Center Drive
Fort Washington, PA 19034

/s/ James W. Ryan