UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GPT GLENDALE, INC., a Delaware corporation,

Plaintiff,

vs.

KENTEK CORPORATION, a New Hampshire corporation;

WILLIAM L. ARTHUR, an individual resident of New Mexico;

BONNIE G. SIMMONS, an individual resident of New Hampshire; and

RICHARD L. PELLEGRINI, an individual resident of Florida,

Defendants.

Case No. 06-334-ML

PRETRIAL ORDER

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, it is ordered that the parties shall exchange initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1), on or before February 16, 2007. All fact discovery, including written discovery and the depositions of fact witnesses, will be closed by August 1, 2007.

The parties shall exchange expert witness disclosures, pursuant to Fed. R. Civ. P. 26(a)(2), for any issues on which they have the burden of proof by August 13, 2007, and all rebuttal expert witness disclosures shall be exchanged, pursuant to Fed. R. Civ. P. 26(a)(2), by October 12, 2007. All expert witness discovery, including depositions of expert witnesses, shall be completed by November 1, 2007. The parties shall have until September 30, 2007 to file any motions requesting a Markman hearing.

Dispositive motions shall be filed by November 30, 2007. Responses to dispositive motions shall be filed within 21 days of the filing of the dispositive motions, and replies thereto shall be filed within 21 days of the filing of the responses to the dispositive motions.

Counsel shall file electronically, 30 days after a decision on any dispositive motion, or, if no dispositive motions are filed, by December 21, 2007 a memorandum which shall contain the following information:

1. (a) Plaintiff will set forth what is expected to be proven in support of its claims.

   (b) Defendants will set forth what is expected to be proven in defense.

2. A memorandum of supporting law with citations of authorities. This is to include all the law applicable to the case with emphasis on special legal issues. All pertinent citations will be fully briefed.

3. A statement as to probable length of trial.

At least 10 days before jury selection, or, in the case of a matter to be tried without a jury, 10 days before trial is to begin, counsel shall submit to the court in conventional form (paper) the following:

1. A list of all witnesses expected to testify with a brief summary of each witness's testimony and a statement as to whether that witness will testify as an expert.

2. A list of all exhibits intended to be offered at the trial with statements of the purpose for which the exhibit is offered. All exhibits will be pre-marked by the Plaintiff in numerical order and by the Defendants in alphabetical order.

3. If the case is to be tried before a jury, full and complete proposed jury instruction.

Failure to strictly comply with this order will result in appropriate sanctions which may include dismissal, default, or exclusion of evidence.

After 10 days from the close of discovery, no motions shall be filed except as provided above or by leave of the undersigned; the case is subject to being called in for trial on 48-hour notice, unless otherwise ordered by the undersigned.

Every effort should be made to settle the case before jurors are summoned for impanelment. Counsel are to advise the clerk of any such settlement and file a stipulation of dismissal no later than 7 days before the scheduled impanelment date. Jury costs and/or counsel fees may be assessed against one or more of the parties and/or their counsel if the court determines that the lateness of settlement was due to unreasonable or vexatious conduct or neglect.

SO ORDERED:

Mary M. Lisi
United States District Judge
February 9, 2007

Entered as an order of this Court on February 12, 2007

Barbara Barletta
Deputy Clerk