UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GPT GLENDALE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KENTEK CORPORATION, a New Hampshire corporation;<br><br>BONNIE G. SIMMONS, an individual resident of New Hampshire; and<br><br>RICHARD L. PELLEGRINI, an individual resident of Florida,<br><br>Defendants. | Case No. CA 06-334-ML<br><br>TRIAL BY JURY DEMANDED |

**STIPULATION AND ORDER OF CONFIDENTIALITY**

Plaintiff, GPT Glendale, Inc. ("GPT Glendale") and Defendants, Kentek Corporation ("Kentek"), Bonnie G. Simmons ("Simmons"), and Richard L. Pellegrini ("Pellegrini") (referred to herein individually as a "Party" and collectively as "Parties"), by counsel, pursuant to FED. R. CIV. P. 26(c), respectfully move this Court to enter this Stipulation and Order of Confidentiality ("Protective Order") to facilitate the production of proprietary and confidential information in the above-captioned action, and deeming it just and proper so to do and for other good cause, it is hereby ORDERED:

1. For the purpose of this Protective Order, "Litigation Material" shall mean all documents, testimony or other information produced, served or filed by one or more of the Parties or a non-party in connection with formal or informal discovery, hearing or other proceeding (whether in the form of depositions, transcripts, interrogatory answers, document

productions, responses to requests for admission or otherwise) or in any pleading, motion, affidavit, declaration, brief or other document (or exhibit thereto) submitted to the Court.

2. For the purpose of this Protective Order, "Confidential Information" shall mean all Litigation Material containing the producing Party's or non-party's trade secrets, confidential or proprietary information, which the producing Party or non-party has designated in good faith as "CONFIDENTIAL" or as "CONFIDENTIAL — ATTORNEYS' EYES ONLY" in accordance with this Protective Order. By way of example, and not by limitation, Confidential Information may include or be included in documents, summaries, notes, abstracts, e-mail, drawings and any instrument which comprises, embodies or summarizes a matter which any Party or non-party reasonably and in good faith believes is confidential or proprietary and desires not be made public.

3. This Protective Order is designed to: (1) facilitate discovery and production of documents and other information in this action that the producing Party or non-party considers Confidential Information; and (2) preclude dissemination of Litigation Material and other material designated in good faith as Confidential Information, prior to an agreement among the Parties and/or non-parties or a definitive determination by the Court. Accordingly, this Protective Order will not apply to any document or information acquired by a Party other than through this action. For purposes of this Protective Order, the words "Party" and "non-party" shall include directors, officers, employees, and agents of the Party or non-party.

4. No person governed by this Protective Order shall disclose or use, or cause to be disclosed or used any Confidential Information, except in connection with this action. No

Confidential Information shall be used for any business, commercial, competitive, personal or other purpose unrelated to the conduct of this action.

5. Confidential Information shall not be disclosed to any person without the prior written consent of the producing Party or non-party or in accordance with an order of the Court permitting such disclosure, except as provided in this Protective Order. Subject to the provisions of this Protective Order, Confidential Information may be disclosed to the following:

(a) Counsel of record in this action and in-house counsel for any Party;

(b) The Court, its employees and clerks including, without limitation, its court reporters, provided that the Confidential Information is filed or disclosed in accordance with the terms of this Protective Order, and any jury impaneled in this case;

(c) The Parties and their employees (other than in house counsel) who have active responsibilities relating to this action;

(d) Persons (including corporate representatives) who are noticed for depositions or subpoenaed to testify at a hearing in this action to the extent that it is reasonably necessary to prepare such persons for their testimony;

(e) Experts and/or consultants retained by counsel of record on behalf of the Parties;

(f) Stenographers or other persons preparing transcripts of testimony in this action.

6. Confidential Information that a producing Party or non-party has designated as "CONFIDENTIAL" (but has not designated as "CONFIDENTIAL — ATTORNEYS' EYES ONLY") may be disclosed to any person identified in Paragraph 5, provided, however, that no disclosure of such Confidential Information, or any copy, excerpt, or summary thereof, or the information contained therein, received from a producing Party or non-party, shall be made to any person identified in Paragraphs 5(c), 5(d), 5(e), or 5(f) until such person has first been shown and has read a copy of this Protective Order and has agreed, in writing, to be bound by its terms by signing a copy of the Acknowledgement and Agreement to Maintain Confidentiality ("Confidentiality Agreement") attached to this Protective Order as Exhibit A. Notwithstanding the foregoing, documents may be handled by employees of counsel of record who are performing purely clerical duties, such as mail handling, copying, bates stamping, filing, etc. without such personnel signing the Confidentiality Agreement, but such personnel shall be advised of the provisions of this Protective Order.

7. Confidential Information that a producing Party or non-party has designated as "CONFIDENTIAL — ATTORNEYS' EYES ONLY" shall be disclosed only to those persons identified in Paragraphs 5(a), 5(b), and 5(f) above, and shall not be disclosed in any way, directly or indirectly, to others, provided, however, that Confidential Information that has been designated as "CONFIDENTIAL — ATTORNEYS' EYES ONLY" may be disclosed to persons identified in Paragraph 5(e) above, but only after giving written notice to all counsel of record and any producing non-party no less than fourteen (14) days prior to disclosing such Confidential Information and requiring the person to sign the Confidentiality Agreement. If any counsel of record or producing non-party objects in writing to the disclosure of Confidential Information designated as "CONFIDENTIAL — ATTORNEYS' EYES ONLY" to persons identified in

Paragraph 5(e) within the fourteen (14) day period, the Confidential Information cannot be disclosed unless and until written permission has been obtained from the objecting Party or non-party or upon an order of the Court permitting the disclosure. Counsel seeking to disclose Confidential Information designated as "CONFIDENTIAL — ATTORNEYS' EYES ONLY" to persons identified in Paragraph 5(e) shall have the burden of demonstrating good cause why the material should be disclosed *provided*, however, that the Party or non-party designating Litigation Material as Confidential Information shall at all times bear the burden of demonstrating that the Litigation Material has been properly designated as Confidential Information as required by Paragraph 13. Each Party agrees that it will not designate Confidential Information as "CONFIDENTIAL — ATTORNEYS' EYES ONLY" if said Confidential Information was previously produced by the Party to another Party; provided, however, that such limitation on the right to designate Confidential Information as "CONFIDENTIAL — ATTORNEYS' EYES ONLY" shall not apply to the extent that the prior production of such Confidential Information was not authorized or was otherwise improper. To the extent that a Party designates Confidential Information as "CONFIDENTIAL — ATTORNEYS' EYES ONLY" and another Party already possesses that Confidential Information, counsel will attempt to work out an agreement to allow counsel for the Party who previously possessed the Confidential Information to review the Confidential Information with the Party who previously possessed the Confidential Information.

8. All persons who obtain Confidential Information shall take all necessary and appropriate measures to maintain the confidentiality of the Confidential Information, shall disclose such information only to persons authorized to receive it under this Protective Order, and shall retain such information in a secure manner. All persons governed by this Protective

Order, by reviewing Confidential Information (and whether having signed a Confidentiality Agreement or not), shall agree to the jurisdiction of the Court over their person for the purpose of any action seeking to enforce the terms and conditions of this Protective Order, or for any action for contempt for violation of this Protective Order. Counsel obtaining a signed Confidentiality Agreement as required under this Protective Order will retain the original. Counsel responsible for retaining the original Confidentiality Agreement for any person shall upon request of a Party or upon order of the Court for good cause shown distribute a copy of the signed Confidentiality Agreement to all counsel of record.

9. The producing Party or non-party shall have the right to designate any Confidential Information that it believes reasonably and in good faith deserves such designation as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY." Any Litigation Material considered by the producing Party or non-party in good faith to be confidential or to contain Confidential Information shall be marked "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" in a readily visible or noticeable manner at the time the Litigation Material is furnished to the receiving Party or at any time thereafter. In order to expedite the discovery process, a Party or non-party may initially produce documents for review before making the "CONFIDENTIAL"or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" designation on the face of each document, provided that the producing Party or non-party identifies the documents as containing Confidential Information. Any document identified at the time of the initial production as containing Confidential Information but not marked with the "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" designation on the face of the document is presumed to be Confidential Information and subject to this Protective Order until the producing Party or non-party completes a review of each document

requested to be copied. Failure by the producing Party or non-party to designate any Litigation Material as Confidential Information at the time of production does not constitute a waiver of confidentiality and shall not preclude later designation as Confidential Information.

10. In the case of documents, Confidential Information shall be designated by a stamp or designation on each such document prior to production or service. Any person photocopying or otherwise duplicating Confidential Information shall ensure that the "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" designation appears clearly on any such copies or duplicates. To the extent that material stored or recorded in the form of electronic or magnetic media (including information, databases or programs stored on computers, discs, networks or tapes) ("Computer Data") is produced by a Party or non-party in such form, the producing Party or non-party may designate such material as Confidential Information, if the material otherwise meets the requirements for such designation under this Protective Order, by cover letter referring generally to such material and designating whether it is "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY." Whenever Computer Data is produced and is designated as Confidential Information, any person who reduces such material to hard-copy form shall mark such hard-copy material with the designation stated in the letter of the producing Party or non-party accompanying the production of the Computer Data.

11. Whenever Confidential Information is to be referred to or disclosed in a deposition, the producing Party or non-party may exclude from the room during such testimony any person who is not authorized to receive Confidential Information under this Protective Order. Whenever Confidential Information is to be referred to or disclosed in a hearing or other proceeding before the Court, the producing Party or non-party may move the Court to exclude

from the room during such testimony any person who is not authorized to receive Confidential Information under this Protective Order. Any testimony given in any deposition or hearing in this action may be designated as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" by the producing Party or non-party by making such designation on the record. The testifying Party or non-party also may make such designation in writing to the court reporter if the designations are made within twenty (20) days after the transcript has been made available to them, and notice of such designation is sent to all counsel of record. The court reporter shall then separately transcribe and bind those portions of the testimony designated as containing Confidential Information and shall mark the face of the transcript with the words "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" as directed by counsel for the producing Party or non-party and seal the Confidential Information in a separate envelope. Whenever any document designated as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" is identified as an exhibit in connection with testimony given in any deposition or hearing, it shall be so marked and separately bound. Only those persons who are otherwise entitled under this Protective Order to view Confidential Information so designated, shall be entitled to obtain copies of that portion of the transcript and/or exhibit. A copy of this Protective Order shall be identified and marked as an exhibit to any such transcript, and all persons who have actual notice of this Protective Order shall be bound by its terms. Nothing in this Protective Order shall be intended or interpreted to limit a Party's right to use Confidential Information at any hearing in this matter, subject to the provisions of this Protective Order or any order of the Court at that time.

12. Any Party that desires to disclose Confidential Information (whether by way of verbatim or summary reference or as an exhibit) in any filing to the Court shall file it under seal

in an envelope conspicuously labeled "CONFIDENTIAL — FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER." If an appeal is taken, the documents filed under seal with the Clerk of the United States District Court of the District of Rhode Island shall be transmitted (to the extent they are included by the parties or the court as part of the record on appeal) to the Clerk of the United States Court of Appeal for the First Circuit for filing under seal unless otherwise ordered by the Court.

13. A Party receiving Confidential Information may at any time notify the producing Party or non-party, in writing, or in the case of a deposition, either upon the record of a deposition or in a later writing, of their objection to the designation of information as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY." In that event, the Parties or non-parties shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, the producing Party or a producing non-party may apply for an appropriate ruling from the Court. The Party or non-party designating Litigation Material as Confidential Information shall bear the burden of showing good cause why the material should be so designated. The Confidential Information in issue shall be treated as Confidential Information pursuant to this Protective Order until the Parties and/or non-parties agree or the Court rules otherwise. A Party shall not be obligated to challenge the propriety of the designation of any Confidential Information. Failure to challenge the designation of Confidential Information shall not preclude any subsequent objection to the designation or any motion seeking permission to disclose such Confidential Information to persons not referred to in this Protective Order. Nothing shall affect any Party's right to seek modification of this Protective Order.

14. Inadvertent or unintentional disclosure of Confidential Information, or information which a producing Party or non-party intends to designate as Confidential Information, shall not be deemed a waiver in whole or in part of its claim of confidentiality with respect to either the information so disclosed or any other related information, provided that the producing Party or non-party gives prompt notification, in writing, to the receiving Parties within thirty (30) days of discovery of the inadvertent disclosure. Disclosure of the document or information by the receiving Party before it is designated as Confidential Information shall not be deemed a violation of the provisions of this Protective Order. All reasonable steps shall be taken to protect such inadvertently-disclosed information after notification of its designation as Confidential Information.

15. In the event that any person subject to this Protective Order is served with a subpoena or other request that calls for the production of Confidential Information, that person shall notify all counsel of record and any producing non-parties of the subpoena or request as soon as practicable and in no event, less than five (5) business days before the return date of the subpoena or the date that a response to a request is due. The person subject to the subpoena or request shall not, without the express prior written consent of the producing Party or non-party, produce such information before the producing Party or non-party submits comments, challenges the subpoena or request, or takes other appropriate action to preserve the confidentiality of the Confidential Information including, but not limited to, an action to enforce the provisions of this Protective Order. The notices required by this Paragraph shall be delivered in writing to all counsel of record by the most expeditious means available.

16. Until further order of the Court, all provisions of this Protective Order regarding the production and use of Litigation Material and Confidential Information obtained in these



_882904_1/

proceedings shall survive the conclusion of these proceedings and shall continue to be binding on every Party, non-party, counsel and other person subject to this Protective Order and on all persons who have executed a Confidentiality Agreement. Any and all originals and copies of Litigation Material designated as Confidential Information shall at the request of the producing Party or non-party, be returned to the producing Party or non-party or destroyed within sixty (60) days of the conclusion of these proceedings, including any appeals thereof *provided*, however, that counsel may maintain in its files copies of each pleading or paper filed with the Court, the transcript of each deposition or hearing together with any exhibits marked at the deposition or hearing, and documents constituting work product that were generated during the course of these proceedings. Counsel shall certify in writing within sixty (60) days of the conclusion of these proceedings, including any appeals thereof, that it has destroyed or returned all Confidential Information in accordance with the terms of this Protective Order. Counsel that retains any Confidential Information pursuant to the terms of this Paragraph shall continue to be subject to this Protective Order as long as such Confidential Information is retained.

17. Nothing in this Protective Order shall prevent any Party from seeking amendments broadening or restricting the rights of access to or the use of specific Confidential Information or otherwise modifying this Protective Order. In addition, this Protective Order may be amended by the Court upon the agreement of counsel of record and the filing of an amended stipulation.

18. A person's compliance with the terms of this Protective Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged, or (c) admissible in evidence in this action. Nothing in this Protective Order shall be construed as preventing any Party from making any lawful objection to discovery requests.



_882904_1/

19. Nothing in this Protective Order shall limit or affect the rights of a producing Party or non-party to disclose, to authorize disclosure of, or to use in any way, its own Confidential Information. Nothing in this Protective Order shall impose any restrictions on the use or disclosure by any Party or non-party of any information or documents that are or become public or that are obtained by any Party or non-party through lawful means independent of discovery in the above-captioned proceedings *provided*, however, that the unlawful or improper disclosure of Confidential Information by any person subject to this Protective Order shall not relieve any Party or non-party of its duties and obligations under this Protective Order to prevent further disclosure or dissemination of the Confidential Information.

20. The restrictions on disclosure and use of Confidential Information in this Protective Order shall continue after the conclusion of this action to be binding upon the Parties and all other persons to whom Confidential Information has been disclosed pursuant to the provisions of this Protective Order or any order of the Court. Any Court that has jurisdiction to confirm, vacate or modify an award of the Court shall have continuing jurisdiction to enforce, modify, amend, or rescind this Protective Order notwithstanding the termination or conclusion of this action.

21. Counsel of record shall use their best efforts to ensure that the provisions of this Protective Order are adhered to by the Parties and by those acting on their behalf.

22. The undersigned counsel have the authority to execute this Protective Order on behalf of their clients.

Case 1:06-cv-00334-ML-DLM Document 48 Filed 05/10/2007 Page 13 of 16

SO ORDERED this 11th day of May 2007.

Mary M. Lisi
Mary M. Lisi
United States District Judge

So stipulated and agreed:

/s/ Raymond M. Ripple
Darlene K. Alt (#6345)
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, Rhode Island 02903
(401) 274-9200
(401) 276-6611 (fax)
dalt@eapdlaw.com
rripple@eadplaw.com

Michael J. Lockerby (*admitted pro hac vice*)
Mark A. Salzberg (*admitted pro hac vice*)
FOLEY & LARDNER LLP
3000 K Street, NW, Suite 500
Washington, DC 20007
(202) 672-5300
(202) 672-5399 (fax)

*Counsel for Plaintiff GPT Glendale, Inc.*

/s/ James W. Ryan
James W. Ryan (#4042)
Robert K. Taylor (#6515)
PARTRIDGE SNOW & HAHN LLP
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 (fax)
jwr@sdh.com
rkt@psh.com

W. Wright Danenbarger
Thomas J. Pappas
Wiggin & Nourie, P.A.
670 North Commercial Street, Suite 305
P.O. Box 808
Manchester, NH 03105-0808
(603) 669-2211
(603) 623-8442 (fax)
wdanenbarger@wiggin-nourie.com
tpappas@wiggen-nourie.com

Christine K. Bush (#5587)
Duffy, Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (fax)

George A. Smith, Jr.
Howson & Howson, LLP
501 Office Center Drive, Suite 210
Fort Washington, PA 19034
(215) 540-9200
(215) 540-5818 (fax)

*Counsel for Defendant Kentek Corporation, Bonnie G. Simmons, and Richard L. Pellegrini*