AO 88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# United States District Court

**WESTERN DISTRICT OF VIRGINIA**

GPT GLENDALE, INC.,

Plaintiff,

vs.

KENTEK CORPORATION, et al.

Defendants.

**SUBPOENA IN A CIVIL CASE**
CASE NUMBER: CA 06 334[1]
District of Rhode Island

TO: Polymer Solutions, Inc.
c/o James K. Cowan, Jr., Registered Agent
200 Kraft Drive, Suite 1000
Blacksburg, VA 24060

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to testify in the above case.

| PLACE OF DEPOSITION: | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects): **See attached Exhibit A**

| PLACE | DATE AND TIME |
|---|---|
| **Peirce Reporting**<br>**15 Franklin Road SW #7**<br>**Roanoke, VA 24011**<br>**(540) 344-5393** | **May 21, 2007**<br>**9:00 a.m.** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| **Attorney for Plaintiff** [signature] | 4/26/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
**Raymond M. Ripple**
**Edwards Angell Palmer & Dodge LLP, 2800 Financial Plaza, Providence, Rhode Island 02903**
**Tel: 401.274.9200; Fax: 401.276.6611; Email: rripple@eadplaw.com**

(See Rule 45 Federal Rules of Civil Procedure Parts C & D on Reverse)

[1] If action is pending in district court other than district of issuance, state district under case number.

H_1858426.1

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 5-2-07 | Rowe Furniture 2121 Gardner St ~~Elliston, VA 24087~~ |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| James Cowan Jr. | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| James R Parker | PPS |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 5-2-07
DATE

[signature]
SIGNATURE OF SERVER

P O Box 24
ADDRESS OF SERVER

Vinton, VA 24179

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT "A"**

**I. Instructions**

1. In lieu of production for inspection and copying, you may produce the requested documents by mailing or delivering the documents to Foley & Lardner, LLP, attn. Mark A. Salzberg, Esq., 3000 K Street, N.W., Suite 500, Washington, D.C. 20007-5143, and make the originals available for inspection at a mutually agreed-upon location, during normal business hours and upon reasonable notice.

2. All documents requested shall be produced to GPT Glendale in the same file or other organizational environment in which they are or were kept in the usual course of business. For example, a document that is part of a file, docket, or other grouping should be physically produced together with all other documents from the file, docket, or grouping responsive to the request, in the same order or manner of arrangement as the original. You shall also produce the "file tab," name, or other identification of the source of the documents.

3. A detailed schedule of documents withheld from production by reason of any privilege or other immunity from discovery should accompany the production. For each document, the schedule should specify the basis for the privilege or other immunity asserted, the name and address of the author and addressee(s), the general subject matter, the name and address of any recipient of copies of the document, the name and address of the persons now in possession of the original and any copies of the document, and the location of the file where the original and each copy are normally kept.

4. If you contend that any of the following requests is objectionable in whole or in part, you shall state with particularity each objection, the basis for it and the categories of

documents to which the objections applies, and you shall respond to the request insofar as it is not deemed objectionable.

5. If you find the meaning of any term in these requests unclear, you shall assume a reasonable meaning, state what the assumed meaning is, and respond to the request according to the assumed meaning.

## II. Definitions

Unless otherwise indicated, the following definitions shall apply:

1. "GPT Glendale" means Plaintiff GPT Glendale, Inc., as well as the employees, agents, officers, directors, and other persons or entities acting, or purporting to act, on behalf of the foregoing in any of the matters covered by the requests set forth in Section III below.

2. "Kentek" means Defendant Kentek Corporation, a corporation organized under the laws of the State of New Hampshire, as well as the employees, agents, officers, directors, or other persons or entities acting, or purporting to act, on behalf of the foregoing in any of the matters covered by the requests set forth in Section III below.

3. "Document" is used in its broadest sense and shall mean every writing or every written record of every type or description, including, without limitation all tangible means by which human communication is transmitted or stored, however produced or reproduced, that is, or has been, in your possession, control, or custody or of which you have knowledge. The term Document includes, but is not limited to: specifications, instructions, agreements, product information, contracts, correspondence, telegrams, memoranda, facsimiles, electronic mail, stenographic or handwritten notes, studies, calendar or diary entries, charts, informational accumulations, magnetic or phonographic recordings, drawings, photographs, blueprints, videotapes, audiotapes, vouchers, invoices, canceled checks, publications, financial statements or

summaries, books, pamphlets, models, reports, electronic data, records, worksheets, surveys, minutes, statistical computations, tabulations, or any other written, printed, typed or graphic material of every type and description and in any form, including each copy or reproduction which is not identical to the original copy or any other produced copy. Different versions of the same document, including but not limited to drafts or documents with handwritten notations or marks not found on the original or any other copies, are different documents.

4. "Communication" refers to any meeting, conference, conversation, memorandum, correspondence, contact, act or instance transmitting or receiving information or intelligence by any means, directly or indirectly, and shall include all forms of communication by the oral and written word, and the preparation, furnishing, receipt, examination or copying of documents or permitting others to do so.

5. "All" or "each" shall be construed as "all and each."

6. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

7. Unless otherwise specified, each request shall pertain to the time period January 1, 2002 to the present.

## III. Document Requests

1. Any and all documents concerning, referring or relating to, or making reference to, communications between you and Kentek regarding products sold by you to Kentek.

2. Any and all documents concerning, referring or relating to, or making reference to, communications between you and Kentek regarding products developed by you for Kentek.

3. Any and all documents concerning, referring or relating to, or making reference to, communications between you and Kentek regarding products produced by you for Kentek.

4. Any and all documents concerning, referring or relating to, or making reference to, communications between you and Kentek regarding products manufactured by you for Kentek.

5. Any and all documents concerning, referring or relating to, or making reference to, communications between you and Kentek regarding products supplied by you to Kentek.

6. Any and all documents concerning, referring or relating to, or making reference to, communications between you and Kentek regarding products which Kentek asked you to sell, develop, produce, manufacture and/or supply, including, but not limited to, preliminary and final product specifications provided to you by or on behalf of Kentek.

7. Any and all contracts and agreements entered into by and between you and Kentek.

8. Any and all documents provided to you by or on behalf of Kentek, including, without limitation, any and all drafts of written specifications for products which Kentek asked you to sell, develop, produce, manufacture and/or supply.

9. Any and all product samples provided to you by or on behalf of Kentek.

10. Any and all documents provided to you by or on behalf of Kentek concerning any alleged inventions or trade secrets.

11. Any and all documents provided by you to Kentek concerning any alleged inventions or trade secrets.