GPT GLENDALE, INC.

Plaintiff

vs.

KENTEK CORPORATION, ET AL

Defendant

**United States District Court Eastern District of Pennsylvania**

**DOCKET NO.: CA 06 334**

**Person to be served** (Name & Address):
*KMI Surgical, Ltd. c/o Kristen Willimas, President Laird Professional*
Bldg. 110 Hopewell Rd.,
Downingtown, PA 19335

**Attorney:** File#: n/a

Edwards Angell Palmer & Dodge
2800 Financial Plaza
Providence, RI 02903 Ph: 401-276-6620

## AFFIDAVIT OF SERVICE

(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$________

**Papers Served:**
SUBPOENA

**Service Data:**

Served Successfully ✓ Not Served ____

Date: 5/9/07 Time: 2:35 pm

✓ Delivered a copy to him / her personally

____ Left a copy at his/her dwelling place or usual place of abode by delivering same to a competent household member over 14 years of age residing therein
(indicate name & relationship at right)

✓ Left a copy with a person authorized to accept service, e.g., managing agent, registered agent, etc.
(Indicate name & official title at right)

Name of Person Served and relationship / title:

Actual place of service:

***110 Hopewell Rd.,***
**Downingtown, PA 19335**

Richard Best - office Personel

**Description of Person Accepting Service:**

Sex: M Age: 37 Height: 5'4 Weight: 130 Skin Color: W Hair Color: Bl

**Unserved:**

____ Defendant is unknown at the address furnished by the attorney
____ All reasonable inquiries suggest defendant moved to an undetermined address
____ No such street in municipality
____ No response on: ____ Date ____ Time ____ Date ____ Time ____ Date ____ Time

____ Other:________ Comments or Remarks________

**Server Data:**

Subscribed and Sworn to me this 10 day of MAY 2007

[signature]

Name of Notary / commission expiration

KIMBERLY CURRY
Notary Public
State of New Jersey
My Commission Expires 12-28-2007

**I,** [signature] **,was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.**

5/9/2007 Date

**Default Express Services, Inc. - (Our File#: 1202)**
**13000 RT. 73, Suite 107, Four Greentree Centre,**
**Marlton, NJ 08053**
**856.985.3340**

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

Kevin Richard Best — SERVED ON (PRINT NAME)

in Person at 110 Hopewell Road Downingtown, PA 19335 — MANNER OF SERVICE

Kenneth Baker — SERVED BY (PRINT NAME)

TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on May 9th 2007
DATE

SIGNATURE OF SERVER

19 Bisbee Drive
ADDRESS OF SERVER

Burlington, NJ 08016

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.