UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GPT GLENDALE, INC., a Delaware corporation,<br><br>Plaintiff,<br>vs.<br><br>KENTEK CORPORATION, a New Hampshire corporation,<br><br>Defendant. | C.A. No. 06-334-ML<br><br>**FINAL JUDGMENT BY CONSENT** |

WHEREAS, Plaintiff GPT Glendale, Inc., n/k/a Glendale Protective Technologies, Inc. ("GPT") filed a Complaint for infringement of the '094 Patent, as that term is defined herein, against Defendant Kentek Corporation ("Kentek");

THE COURT, having been advised that the parties to this case and Kentek's indemnitor wish to compromise and settle all complaints, disputes, and claims between and among them arising out of this action and to release each other from any and all liability; and

IT BEING JUST AND PROPER TO DO SO, the Court hereby Orders as follows:

**A. <u>Definitions</u>.** For purposes of this Final Judgment By Consent, the following terms shall have the following meanings.

**1. Pending Action:** "Pending Action" means the above-styled case pending in this Court.

**2. Settlement Date:** "Settlement Date" means November 30, 2007.

**3. '094 Patent:** "'094 Patent" means United States Patent No. 6,320,094 B1, filed on September 15, 2000 and expiring on September 15, 2020, including United States Reissued Patent No. USRE39,896 E.

**4. PAT-EYESAFE:** "PAT-EYESAFE" means the Kentek product sold under Kentek product number "PAT-EYESAFE" f/k/a "SEPS-EYESAFE," and any variants thereof or any substantially similar multiple-procedure disposable eyeshield product, including substantially similar products made from different material.

**5. Laser SmartShield:** "Laser SmartShield" means the Kentek disposable eyeshield product sold under Kentek product number "PAT-LASERSS" and any variants thereof sold under the trade name Laser SmartShield™ and any substantially similar product, including substantially similar products made from different material, intended for use in protecting the patient's orbital area during laser procedures.

**6. IPL SmartShield I:** "IPL SmartShield I" means the Kentek disposable eyeshield product sold under Kentek product number "PAT-IPLSS" and any variants thereof sold under the trade name IPL SmartShield™ and any substantially similar product, including substantially similar products made from different material, intended for use in protecting the patient's orbital area during intense pulsed light procedures.

**7. IPL SmartShield II:** "IPL SmartShield II" means the Kentek disposable eyeshield product that was marked as Exhibit 5 to the October 9, 2007 Rule 30(b)(6) deposition of GPT and any variants thereof or any substantially similar product intended for use in protecting the patient's orbital area during intense pulsed light procedures.

**8. Derm SmartShield:** "Derm SmartShield" means the Kentek disposable eyeshield product sold under Kentek product number "PAT-DERMSS" and any variants thereof sold under the trade name Derm SmartShield™ and any variants thereof or any substantially similar product, including substantially similar products made from different

material intended for use in protecting the patient's orbital area during microderm abrasion procedures.

**9. Kentek Products:** "Kentek Products" means PAT-EYESAFE, Laser SmartShield, IPL SmartShield I, IPL SmartShield II, and Derm SmartShield.

**10. KMI:** "KMI" means KMI Surgical, Ltd., a corporation organized under the laws of Delaware with its principal place of business located at Laird Professional Building, 110 Hopewell Road, Downingtown, Pennsylvania 19335.

**11. Licensed Products:** "Licensed Products" means PAT-EYESAFE, Laser SmartShield, IPL SmartShield I, and IPL SmartShield II.

**B. Jurisdiction to Enforce Settlement Agreement.** The Court shall retain jurisdiction to enforce the Parties' Settlement Agreement and Release, the terms and conditions of which are hereby incorporated by reference.

**C. Infringement of '094 Patent.** With respect to the following Kentek Products, the Court hereby makes the following findings with respect to infringement of the '094 Patent.

**1. PAT-EYESAFE:** It is hereby adjudged, decreed, and declared that the PAT-EYESAFE infringes the '094 Patent, including the following Claims thereof: 1, 2, 3, 4, 5, 6, 8, 10, 14, 15, 17, 18, 19, 20, 28, 31, 32, 33, 34, 35, 36, 37, 38, 39, and 40.

**2. Laser SmartShield**: It is hereby adjudged, decreed, and declared that the Laser SmartShield infringes the '094 Patent, including the following Claims thereof: 1, 2, 3, 4, 5, 6, 8, 10, 14, 15, 17, 18, 19, 20, 28, 31, 32, 33, 34, 35, 36, 37, 38, 39, and 40.

**3. IPL SmartShield I:** It is hereby adjudged, decreed, and declared that the IPL SmartShield I infringes the '094 Patent, including the following Claims thereof: 1, 2, 3, 4, 5, 6, 8, 10, 14, 15, 17, 18, 19, 20, 28, 31, 32, 33, 34, 35, 36, 37, 38, 39, and 40.

**4. IPL SmartShield II:** It is hereby adjudged, decreed, and declared that the IPL SmartShield II infringes the '094 Patent, including the following Claims thereof: 1, 2, 3, 5, 6, 8, 10, 14, 17, 18, 19, 20, 28, 31, 32, 33, 34, 35, 36, 37, 38, 39, and 40.

**5. Derm SmartShield:** It is hereby adjudged, decreed, and declared that the Derm SmartShield does not infringe the '094 Patent.

**D. License to Use '094 Patent.** Subject to the Royalty Payment Provision of ¶ E below, Kentek, including its respective officers, directors, agents, servants, employees, and attorneys, and any persons in active concert or participation with them who receive actual notice of this Final Judgment By Consent, are hereby licensed to use the '094 Patent in conjunction with the manufacture, marketing, sale, and distribution of the Licensed Products provided they also comply with the following License Terms, Notice Terms, and Reporting Terms.

**1. KMI:** For purposes of this Final Judgment By Consent, it is expressly agreed that KMI is among the "persons in active concert or participation" with "Kentek, including its respective officers, directors, agents, servants, employees, and attorneys," and that KMI has received "actual notice of this Final Judgment By Consent." KMI, through counsel, acknowledges receipt of such notice and that it is subject to the following License Terms, Notice Terms, and Reporting Terms. By signing this Final Judgment By Consent, counsel for KMI represents that he is authorized to make the foregoing acknowledgement and agreement on behalf of KMI.

**2. License Terms:** So long as Kentek is not in breach of the following License Terms, Notice Terms, and Reporting Terms, and so long as Kentek complies with the Royalty Payment requirements of ¶ E below, Kentek is hereby granted a non-exclusive license to use the '094 Patent to manufacture and sell the Licensed Products.

The foregoing license is personal to Kentek and cannot be transferred or assigned. Notwithstanding the foregoing, Kentek is permitted to have any person or entity manufacture the Licensed Products for sale to Kentek. Except with respect to Licensed Products ordered by Kentek, KMI is not licensed to use the ‘094 Patent or to manufacture the Licensed Products or the equivalents thereof for sale to anyone other than Kentek. Kentek and KMI agree not to challenge the validity of the ‘094 Patent or to assist anyone else in challenging the validity of the ‘094 Patent with respect to the Licensed Products.

**3. Notice Terms:** The boxes for each disposable eye patch manufactured or sold pursuant to this license shall be marked with the legend “Covered by one or more of the following patents:” followed by the designation “US RE39,896 E” and/or such other designation(s) as provided by GPT to Kentek and/or KMI in writing. Disposable eye patch packages already manufactured as of the effective date of the settlement agreement and release shall include an insert, also known as “Directions for Use,” bearing the legend “Covered by one or more of the following patents,” followed by the designation “US RE39, 896 E” and/or such other designation(s) as provided by GPT to Kentek and/or KMI in writing.

**4. Reporting Terms:** With respect to the initial period ending December 31, 2007 and each three-month period thereafter (a “Quarter”), Kentek and KMI shall be jointly and severally liable for the submission to GPT of a report, certified as accurate under oath by an officer of each company, setting forth the number of patches sold for which Royalty Payments are due in accordance with ¶ E below.

**E. <u>Royalty Payments</u>.** For each individual disposable eyepatch manufactured by an entity other than KMI, and sold or otherwise transferred to a third party after the Settlement

Date, Kentek shall be liable for payment of the following royalties no later than fifteen (15) calendar days after the end of each Quarter. For each individual disposable eyepatch manufactured by KMI, and sold or otherwise transferred to a third party after the Settlement Date, Kentek and KMI shall be jointly and severely liable for payment of the following royalties no later than fifteen (15) days after the end of each Quarter.

1. **PAT-EYESAFE:** For a period of three (3) years from the Settlement Date, the royalty shall be eight cents ($.08) per disposable patch, sixteen cents ($.16) per pair. Thereafter, for the duration of the '094 Patent (*i.e.*, until September 15, 2020), the royalty shall be five cents ($.05) per disposable patch, ten cents ($.10) per pair.

2. **Laser SmartShield:** For a period of three (3) years from the Settlement Date, the royalty shall be eight cents ($.08) per disposable patch, sixteen cents ($.16) per pair. Thereafter, for the duration of the '094 Patent (*i.e.*, until September 15, 2020), the royalty shall be five cents ($.05) per disposable patch, ten cents ($.10) per pair.

3. **IPL SmartShield I:** For a period of five (5) years from the Settlement Date, the royalty shall be eight cents ($.08) per disposable patch, sixteen cents ($.16) per pair. Thereafter, for the duration of the '094 Patent (*i.e.*, until September 15, 2020), the royalty shall be five cents ($.05) per disposable patch, ten cents ($.10) per pair.

4. **IPL SmartShield II:** For a period of five (5) years from the Settlement Date, the royalty shall be three cents ($.03) per disposable patch, six cents ($.06) per pair. Thereafter, for the duration of the '094 Patent (*i.e.*, until September 15, 2020), the royalty shall be two cents ($.02) per disposable patch, four cents ($.04) per pair.

5. **Derm SmartShield:** No royalty is due with respect to this product.

After the expiration of the ‘094 Patent on September 15, 2020, Kentek may sell Kentek Products and Licensed Products without the payment of any royalty to GPT under the ‘094 Patent.

**F.** **Return of GPT Inventory.** Within fifteen (15) calendar days of the Settlement Date, Kentek shall return to GPT all unsold inventory of disposable eyepatches previously supplied to Kentek by GPT. Kentek represents and warrants that **Exhibit B** to the Settlement Agreement and Release is an accurate and complete list of such inventory.

**G.** **Dismissal With Prejudice.** All claims of GPT and Kentek that were asserted or could have been asserted in the Pending Action are hereby DISMISSED WITH PREJUDICE, each side to bear its own costs and attorneys’ fees.

AGREED TO BY:

**GPT GLENDALE, INC., n/k/a GLENDALE PROTECTIVE TECHNOLOGIES, INC.**

/s/ Darlene K. Alt
/s/ Raymond M. Ripple
By its Counsel

Darlene K. Alt (#6345)
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER & DODGE
2800 Financial Plaza
Providence, RI 02903
(401) 276-6476; (401) 276-6611 fax

Michael J. Lockerby (*admitted pro hac vice*)
Brian J. McNamara (*admitted pro hac vice*)
Mark Salzberg (*admitted pro hac vice*)
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, N.W., Suite 500
Washington, D.C. 20007
(202) 672-5300; (202) 672-5399 fax

**KENTEK CORPORATION**

/s/ Christine K. Bush
By its Counsel

Christine K. Bush (#5587)
DUFFY, SWEENEY & SCOTT, LTD
One Turks Head Place
Suite 1200
Providence, RI 02903
(401) 455-0700; (401) 455-0701 fax

George A. Smith, Jr. (*admitted pro hac vice*)
HOWSON & HOWSON, LLP
501 Office Center Drive
Suite 210
Fort Washington, PA 19034
(215) 540-9204; (215) 540-5818 fax

Thomas J. Pappas (*admitted pro hac vice*)
WIGGIN & NOURIE, PA
670 N Commercial Street
P.O. Box 808
Manchester, NH 03105-0808
(603) 669-2121; (603) 623-8442 fax

**KMI SURGICAL, LTD.**

/s/ George A. Smith, Jr.
By its Counsel

George A. Smith, Jr. (*admitted pro hac vice*)
HOWSON & HOWSON, LLP
501 Office Center Drive
Suite 210
Fort Washington, PA 19034
(215) 540-9204; (215) 540-5818 fax

SO ORDERED this _____ day of December, 2007.

____________________________________
Hon. Mary M. Lisi
United States District Judge